PEOPLE ex rel. DUFFY v. ENNIS, Commissioner.

*(Supreme Court, General Term, Second Department. July 22, 1892.)*

MUNICIPAL CORPORATIONS—REMOVAL OF FIREMAN—EVIDENCE.

> Relator, a fireman, was charged with absence from duty without leave, and notice to appear for trial before the commissioner was served on him personally. The charges specified minutely relator's breach of duty, and were supported by the testimony of relator's superior. *Held,* the facts being presumably with the knowledge of the superior, and being unexplained by cross-examination, that the commissioner's judgment of removal must be affirmed.

*Certiorari* on the relation of Patrick H. Duffy against John Ennis, commissioner of the fire department of the city of Brooklyn, to review a decision removing relator from his place as fireman.    Affirmed.

Argued before BARNARD, P. J., and DYKMAN and CULLEN, JJ.

*Dailey, Bell & Crane,* (*James D. Bell,* of counsel,) for relator.    *Almet F. Jenks,* for defendant.

BARNARD, P. J.    The relator was a member of the fire department in Brooklyn, and could only be dismissed by the defendant commissioner after a public trial by the head of the department, and after being found guilty of misconduct or neglect of duty or incapacity.    Chapter 371, Laws 1889.    There were two sets of charges and specifications against the relator, stating that he was absent without leave from his official duty; the charges in one case showing such absence to have been for 26 hours and a quarter on March 7 and 8, 1892, and the other set showing an absence of nearly 7 days.    The charges were served on relator March 9, 1892, with a notice to appear for trial on March 11, 1892.    He did not appear, and Thomas Cleary, the foreman of engine No. 16, to which relator was attached, was sworn as a witness.    He had made the charges and served them personally on relator.    He was the officer authorized to grant leave of absence.    The charges state minutely the dates of the relator's absence from duty without leave.    Upon the trial he testified he was the foreman of engine No. 16, and that the charges were true, after they were read over to him by the commissioner.    This would have been good evidence in a court of law under the severest of rules calling for common-law proof.    The absence without leave, the dates of such absence, and the length of time during which the absences continued are all contained in the charges.    The facts were presumably within the knowledge of the witness, and his direct testimony to the truth thereof was, in the absence of explanation by way of cross-examining, proof sufficient for the action and adjudication of the commissioner.    The proceedings should be affirmed, with $50 costs.    All concur.