(128 App. Div. 186.)

O'DONNELL v. CITY OF NEW YORK.

(Supreme Court, Appellate Division, Second Department.   October 22, 1908.)

1. MUNICIPAL CORPORATIONS — EMPLOYÉS — MUNICIPAL DEPARTMENTS — PAY
    WHILE WRONGFULLY REMOVED.
      Where plaintiff, a veteran foreman in the city bureau of highways, was
    discharged without notice or hearing on charges, and reinstated 10 months
    thereafter, he cannot recover his salary for the time he did not work, he
    being only an employé and not holding a statutory office, and that his
    removal was unlawful under the veteran employés' act (Laws 1887, p.
    579, c. 464), so that he could have compelled his restoration, was im-
    material.
      [Ed. Note.—For cases in point, see Cent. Dig. vol. 36, Municipal Cor-
    porations, § 363.]

2. SAME—STATUTORY OFFICES.
      The salary of a statutory office in the city government is attached to the
    office, and must be paid by the city to him to whom the office belongs,
    whether he actually performs the duties thereof or not, unless paid to
    a de facto incumbent.
      [Ed. Note.—For cases in point, see Cent. Dig. vol. 36, Municipal Corpora-
    tions, §§ 357–361.]

Appeal from Municipal Court of New York.

Action by William O'Donnell against the city of New York.   From
a judgment for plaintiff, defendant appeals.   Reversed.

Argued before WOODWARD, JENKS, HOOKER, GAYNOR,
and RICH, JJ.

Theodore Connoly (Thomas F. Noonan, on the brief), for appellant.
Gregg, Frank & De Witt, for respondent.

GAYNOR, J. . The plaintiff was employed as a stonecutter in the
bureau of highways, borough of Queens, and then made a foreman as
such at the same pay.   He was discharged without a notice and hear-
ing on charges, although. he was a veteran foreman.   Ten months
afterwards he was restored to his position.   This action is to recover
his salary for the time he was out of the position and did no work. for
the city.   It cannot be maintained.   The case is not one of a statutory
office, the salary of which is attached to the office and belongs to and
must be paid by the city to him to whom the office belongs (unless
paid to a de facto incumbent).   The plaintiff was only an employé,
and his right to compensation ceased upon his removal in fact from
his place.   The removal was an unlawful official act, but while the of-
ficial who did that act may have incurred a liability for damages to the
plaintiff, that does not give any support to the proposition that the city
remained liable for his daily compensation after his removal.   The fact
that he was afterwards restored to his place has no bearing on the case.
If his pay did not continue by law while he was out for the reason that
he was unlawfully removed, his subsequent restoration or reappoint-
ment did not, by relation back, continue it.   The case of Higgins v.
Mayor, 131 N. Y. 128, 30 N. E. 44, is the same in all essentials
as the present case, and controls it.   It is there said: "The effect of
this legislation" (viz., the veteran acts [Laws 1887, p. 579, c. 464])

"was to impose a personal duty upon the public officials to carry out the provisions of the law, and to subject them to penal consequences, if those provisions were disregarded or violated;" and that there is no intention "that the municipality is to be made liable for any violation of its provisions." This decision was followed in Sullivan v. Mayor, 135 N. Y. 647, 32 N. E. 646. The case of Steinson v. Board of Education, 165 N. Y. 431, 59 N. E. 300, is not in point. It was not against the city, but against the board of education, and for an act by the board. It was by a discharged teacher for damages for breach of contract of employment by the board by her discharge. Neither is the case of Graham v. City of New York, 167 N. Y. 85, 60 N. E. 331, applicable. There the plaintiff was never removed at all. He attended daily, but was given no work to do, and the city defended on the ground that he did no work. Nor are stray expressions in mandamus cases applicable. That a discharged appointee may have the right to be restored to his place, for not having been removed with the formalities required by the veteran acts, does not establish the proposition that the city is liable for the compensation while the appointee is actually out.

The judgment should be reversed.

Judgment of the Municipal Court reversed, and new trial ordered; costs to abide the event. All concur.