McCLAIN v. TOWNSHIP OF ROYAL OAK.

1. MASTER AND SERVANT—TERMINATION OF EMPLOYMENT.
   Ordinarily an employee may be discharged, or may give up his position, at will when there is no fixed term of employment.

2. TOWNSHIPS—WAR VETERANS—DISCHARGE—STATUTES.
   War veteran who was reinstated by mandamus under veterans' preference act as member of township fire department and later legally discharged *held*, not entitled to recover in action of assumpsit, salary for period during which services were not performed in absence of statutory provision requiring its payment (1 Comp. Laws 1929, § 900 *et seq.*, as amended by Acts Nos. 66, 67, Pub. Acts 1931).

3. COSTS—PUBLIC QUESTION—WAR VETERANS.
   No costs are awarded appellant township against war veteran upon reversal of his judgment in action of assumpsit for salary during period he had been illegally removed from employment, a public question being involved (1 Comp. Laws 1929, § 900 *et seq.*, as amended by Acts Nos. 66, 67, Pub. Acts 1931).

Appeal from Oakland; Rogers (Goodloe H.), J. Submitted October 10, 1935. (Docket No. 51, Calendar No. 38,582.)   Decided June 16, 1936.

Assumpsit by Frank McClain against Township of Royal Oak, a municipal corporation, for salary as member of fire department. Judgment for plaintiff. Defendant appeals. Reversed.

*Arthur E. Moore,* for plaintiff.

*Sherman McDonald,* for defendant.

*Clarence E. Page* and *Walter E. Vashak, amici curiæ.*

BUTZEL, J.  For a brief period previous to June 1, 1934, Frank McClain, a veteran of the World War, was employed for short intervals by the township of Royal Oak, Michigan, as an assistant to the fire department.  In a duly verified petition for mandamus that preceded the present case, plaintiff stated that on June 1, 1934, he was appointed an assistant, substitute or relief man to be called upon to take the place of a regular fireman who might be ill, injured, on vacation or absent for some other reason.  The court found in the mandamus proceeding that plaintiff was hired as a relief man of the fire department.  There is considerable doubt as to whether he ever became a regular fireman.  Defendant's claim that plaintiff never was more than a substitute fireman is further corroborated by the fact that during part of the very period he claims to have been a regular fireman, he was receiving work relief from the county.  Upon being discharged from defendant's employ on July 14, 1934, plaintiff, claiming the action illegal, offered to continue to work and filed a written protest within 30 days after his discharge in accordance with 1 Comp. Laws 1929, § 900 et seq., as amended by Act No. 67, § 2, Pub. Acts 1931.  Subsequently, he began the mandamus proceedings for his reinstatement and also for compensation for the period during which the position was withheld from him.  The writ of mandamus was issued on November 5, 1934, in accordance with the opinion rendered by the trial judge holding that plaintiff had been illegally discharged without a hearing and was entitled to reinstatement, but that it was not within the judge's province to pass upon the question of compensation in the mandamus proceeding.  Plaintiff was reinstated and shortly thereafter legally discharged.  He now claims he became a full time fireman and not merely a substitute on

June 1, 1934. He brought suit in assumpsit for salary or wages at the rate of $120 per month for the period during which he was wrongfully kept from his job and unable to secure other employment. The testimony shows that a full time fireman, appointed immediately after plaintiff's discharge, served during the period for which plaintiff claims compensation. The court rendered a judgment in plaintiff's favor for $672 and costs, disallowing the claim of defendant, that if plaintiff were entitled to recover, the sum of $384.10 should be deducted because of welfare and work relief given to him by the county.

It becomes unimportant to determine whether plaintiff became a regular fireman or not. The parties agree that he was an employee of defendant. There, however, was no contract between plaintiff and the township for a definite tenure of employment. Ordinarily an employee may be discharged, or may give up his position, at will when there is no fixed term of employment. Plaintiff, however, claims that he had a right to retain the position during its existence and for as long a period as he wished during good behavior until he was legally discharged in the manner and for the reasons prescribed by the veterans' preference act, 1 Comp. Laws 1929, § 900 *et seq.,* as amended by Acts Nos. 66, 67, Pub. Acts 1931. The act forbids the removal of a veteran and if improperly removed, provides for his reinstatement if a written protest is filed by him within 30 days. It further makes provisions in the event of the violation of the act, but in no way prescribes that a public body shall be liable to an employee for services not actually performed. While we are not unmindful of the fact that a veteran's service to his country properly transcends any question of preferment or discharge on account of po-

litical affiliations and other unmeritorious reasons, we have no right to usurp the province of the legislature and read into the law something that does not exist. We believe the correct interpretation of our statute is to be found in *Higgins* v. *Mayor, etc., of New York,* 131 N. Y. 128 (30 N. E. 44), where the veterans' preference act at the time of the decision, which was quite similar to that of Michigan, was silent as to compensation to the employee during the period of unlawful discharge, but provided:

"All officers or other persons having power of appointment to or employment in public service, as set forth in the first section of this act, are charged with a faithful compliance with its terms, both in letter and spirit, and a failure therein shall be a misdemeanor." Laws N. Y. 1887, chap. 464, § 2.

Plaintiff, a day laborer, was unlawfully discharged in violation of the act and after reinstatement, sued for compensation for the time in which he did not work and while another held his position. The court said:

"The question is, upon what legal principle can he hold the city, in the case of his removal, liable to make any compensation to him for the time he was not in its actual service?

"There is no intention deducible from the act that the municipality is to be made liable for any violation of its provisions. The very existence of the provision in the law for the case of a failure by an official to faithfully comply with its terms, would seem to effectually negative that idea. To uphold the right to recover from the municipality, for a time when the plaintiff was not serving it, and when another was rendering the particular services, would certainly amount to visiting upon the city the consequences of the violation by its officer of a law, which was meant to regulate and control his conduct in making appointments. * * * That the only obliga-

tion under which the city comes to an appointee under its provisions is to pay him his compensation for the services, which he renders while in office and employed. Its only relations are to the appointee as such, and it is not in the least degree legally concerned with him, or with his grievance, if he has lost his office or employment by the wrongful or illegal act of the person possessing the power of appointment.''

To like effect see *O'Donnell* v. *City of New York,* 128 App. Div. 186 (112 N. Y. Supp. 760). A contrary ruling may be found in *Ransom* v. *City of Boston,* 192 Mass. 299 (78 N. E. 481, 7 Ann. Cas. 733), but we believe that the New York cases are the result of a more reasonable and proper application of the rules of statutory construction.

In New York Laws of 1904, chap. 637, the State of New York amended its veterans' act to provide as follows:

''Any honorably discharged soldier, sailor or marine, who * * * in contravention * * * of section twenty-one of the civil service law * * * removed * * * shall receive * * * the same compensation therefor from the date of such unlawful removal to the date of his said restoration to said position or employment which he would have been entitled by law to have received in such position or employment, but for such unlawful removal.''

In 1935, it further extended the provisions of the act to apply to employees other than veterans (Laws of New York 1935, chap. 734). This State has not seen fit to do this.

The judgment is reversed, but without costs, the question being a public one.

North, C. J., and Fead, Wiest, Bushnell, Edward M. Sharpe, and Toy, JJ., concurred. Potter, J., took no part in this decision.