LILIENTHAL v. CITY OF WYANDOTTE.

1. APPEAL AND ERROR—RECORD.
   Only the record in a case on appeal may be considered by the Supreme Court.

2. EVIDENCE—CITY CHARTERS.
   When a city charter or amendment thereto is approved and two copies filed with secretary of State and county clerk it becomes law (1 Comp. Laws 1929, § 2260).

3. MUNICIPAL CORPORATIONS—MAYOR'S DISCIPLINARY POWERS.
   Mayor's duty to exercise supervision over the several departments of a city, expressly conferred by city charter, vested in him authority to discipline members of the fire department for cause (Wyandotte charter 1926, chap. 5, § 1).

4. SAME—FIREMEN—DISCIPLINE BY MAYOR.
   City fireman, regularly on duty 24 hours and off duty 24 hours, who was granted leave of absence for purpose of attending his mother's funeral and failed to return to duty on second day thereafter would be subject to some discipline at discretion of mayor, if such failure were wilful, where supervision of the several departments of the city government was expressly conferred upon the mayor (Wyandotte charter 1926, chap. 5, § 1).

5. SAME—FIREMEN—DISCIPLINE—VETERANS' PREFERENCE ACT—CIVIL SERVICE ACT.
   Disciplinary action which might result in dismissal or removal of a city fireman for more than 30 days would be governed by provisions of the veterans' preference and firemen's civil service acts but in case of lesser discipline, neither would necessarily control (1 Comp. Laws 1929, § 901, as amended by Act No. 67, Pub. Acts 1931; Act No. 78, Pub. Acts 1935; Wyandotte charter 1926, chap. 5, § 1).

6. SAME—MAYORS—ABUSE OF DISCRETION—DISCIPLINE OF FIREMEN.
   A mayor's power to impose discipline of a minor nature upon city firemen is a power conferred by the city charter which may not be abused (Wyandotte charter 1926, chap. 5, § 1).

7. OFFICERS—REMOVAL—QUESTIONS OF FACT.

The power of removal from office may be exercised only when the causes named for removal exist and whether or not the cause does exist is a fact which must be determined before the removal can be made by some tribunal with judicial power.

8. CONSTITUTIONAL LAW—JUDICIAL DETERMINATION OF FACTS.

Judicial determination of facts must rest upon and be preceded by notice, proofs and hearing.

9. MUNICIPAL CORPORATIONS—REMOVAL OF FIREMEN—NATURE OF PROCEEDINGS.

Proceedings for removal of plaintiff, a city fireman, brought in accordance with provisions of veterans' preference and firemen's civil service acts are of a judicial or quasi-judicial character (1 Comp. Laws 1929, § 901, as amended by Act No. 67, Pub. Acts 1931; Act No. 78, Pub. Acts 1935).

10. SAME—REMOVAL OF OFFICERS—LEGISLATURE.

Under the Constitution, the legislature may provide for the removal of municipal officers and the officer or body upon whom the power is conferred does not act in a purely political or administrative capacity but in a quasi-judicial capacity and the method of procedure must be of a quasi-judicial character (Const. 1908, art. 9, § 8).

11. JUDGMENT—RES JUDICATA.

An existing final judgment or decree rendered upon the merits without fraud or collusion by a tribunal of competent jurisdiction upon a matter within its jurisdiction is conclusive of the rights of the parties, or their privies, in all other actions or suits in the same or any other tribunal of concurrent jurisdiction on the points and matters in issue in the first proceeding.

12. MUNICIPAL CORPORATIONS—DISMISSAL OF CHARGES AGAINST FIREMEN—RES JUDICATA.

Mayor who had once dismissed charges preferred against plaintiff fireman for failure to report for duty on a certain date could not thereafter lawfully resurrect proceedings already determined or substitute conviction for acquittal as the prior dismissal of the charges was a bar to any further proceedings thereon although such dismissal would not be a bar to removal based upon matters not involved.

13. APPEAL AND ERROR—CERTIORARI—SCOPE OF REVIEW UNDER FIRE-
MEN'S CIVIL SERVICE ACT.

Scope of appeal under the firemen's civil service act is sub-
stantially in accordance with the right of review by certiorari
and is limited to determination as to whether the testimony
taken fairly tends to support the finding (Act No. 78, Pub.
Acts 1935).

14. MANDAMUS — FIREMEN — REINSTATEMENT — PAYMENT OF BACK
SALARY—ACCOUNTING—STIPULATION.

Statute providing that where the municipal civil service commis-
sion fails to justify its removal of an officer the person sought
to be removed shall be reinstated with full pay for entire
period during which he had been prevented from performing
his usual employment, is mandatory and since amount to which
plaintiff is entitled is fixed and only awaits payment, mandamus
to reinstate and pay him subject to stipulation as to account-
ing will issue (Act No. 78, § 14, Pub. Acts 1935).

15. SAME—LACHES.

Question of laches in bringing petition for mandamus to rein-
state plaintiff as fireman in city fire department and pay him
salary for period he was prevented from performing his duties
*held*, without merit under circumstances (Act No. 78, § 14,
Pub. Acts 1935).

Appeal from Wayne; Lamb (Fred S.), J., presid-
ing. Submitted October 11, 1938. (Calendar No.
40,075.) Decided December 21, 1938. Rehearing
denied February 1, 1939.

Petition for mandamus by Joseph Lilienthal to
compel the City of Wyandotte, Thomas Davis,
mayor, and the Police and Fire Commission to rein-
state him as a fireman and restore back pay. Writ
granted. Defendants review by appeal in nature of
certiorari. Plaintiff cross-appeals. Affirmed. Re-
hearing denied without prejudice to any rights de-
fendant may have to an accounting as to the amount
due plaintiff from City of Wyandotte under the al-
leged stipulation inserted in the record on certiorari.

*Wm. L. Thorp*, for plaintiff.

*W. Hugh Williams* and *Frank J. Ortman,* for defendants.

POTTER, J.   Plaintiff, a world war veteran, was employed by the fire department of the city of Wyandotte.   In July, 1936, he requested and was granted a leave of absence during the illness of his mother who died July 19, 1936.   Plaintiff asked the assistant chief of the fire department for leave of absence until after the funeral of his mother which was granted.   She was buried July 21, 1936.

The rules and regulations of the fire department provided that a member should be on duty every other 24 hours,—a member is on duty for 24 hours and the following 24 hours is off duty.   The latter is called a leave day.   July 22, 1936, was a leave day of plaintiff and he was to report for duty July 23, 1936.   He did not so report and the assistant chief, Francisco, in a report to the police and fire commission, communicated this breach of duty.   The report was dated July 24, 1936, and stated plaintiff did not report for work July 23, 1936, but did report for work July 27, 1936.   This report was erroneous in stating plaintiff reported for work July 27, 1936.   He had returned and reported for work July 25, 1936.

The police and fire commission ordered plaintiff to appear before the mayor to answer to the charge of failure to report for duty July 23, 1936.   The communication was dated August 3, 1936, and the hearing set for August 19, 1936.   A hearing was conducted by the mayor in the presence of the three members of the police and fire commission.   The mayor testified (before the civil service commission) that he dismissed the charge against plaintiff on the hearing because of the discrepancy in the dates above mentioned.

September 4, 1936, the mayor addressed a report of the hearing to the police and fire commission stating the charges as presented against plaintiff were true and finding him guilty of being absent from duty on July 23, 1936, without leave, and requested the commission to impose a penalty in order that discipline might be maintained. In consequence, the police and fire commission adopted a resolution that plaintiff must be on duty between the hours of 9 a. m. and 3 p. m. for eight consecutive leave days, commencing on the first leave day after October 8, 1936, without further compensation. The resolution was communciated to the fire chief who was to enforce the disciplinary action. When the fire chief showed plaintiff his orders in this matter, plaintiff informed the chief he would not obey them. The chief waited until October 10, 1936, the day plaintiff was to report for extra duty, and, when he failed to come in, communicated by letter on that day with the police and fire commissioners informing them of plaintiff's noncompliance.

The commission, November 9, 1936, notified plaintiff to appear before the mayor on November 30, 1936, "to answer certain charges of official misconduct, wilful neglect of duty and incompetency" in failing to comply with the disciplinary measures. The hearing was had before the mayor November 30, 1936, as required under the veterans' preference act (1 Comp. Laws 1929, § 901, as amended by Act No. 67, Pub. Acts 1931 [Comp. Laws Supp. 1935, § 901, Stat. Ann. § 4.1222]). December 2, 1936, the mayor signed a formal order of discharge stating his reasons which were: (1) the plaintiff was absent without leave July 23, 1936, with no plausible excuse when he appeared before him August 19, 1936; (2) refusal to comply with the disciplinary measures

when informed of them and no excuse for noncompliance, at the hearing of November 30, 1936. He filed a copy of it with the civil service commission. December 11, 1936, plaintiff, by his present counsel, addressed a letter of protest to the mayor requesting that he vacate the order of discharge or communicate with him so that a regular hearing might be had on the matter.

December 29, 1936, a petition was filed with the civil service commission for a public hearing, as provided for by Act No. 78, Pub. Acts 1935 (Comp. Laws Supp. 1935, § 2730–1 *et seq.,* Stat. Ann. § 5.3351 *et seq.*). Such hearing was held January 7 and 11, 1937, at which the mayor testified as noted above. The civil service commission had before it substantially the same facts as detailed above and sustained the action of the removing officer, the mayor, in discharging plaintiff from the fire department of the city of Wyandotte.

Plaintiff appealed from the final order of the civil service commission to the Wayne circuit court in pursuance of Act No. 78, Pub. Acts 1935, on March 16, 1937. Plaintiff then filed a declaration. Defendant city filed an answer and plaintiff a counteranswer, and subsequently a motion to dismiss was made by defendant which the trial court provisionally granted for the following reasons:

"That Act No. 67, Pub. Acts 1931, as amended, does not make any provision for an appeal; and, second, that under the firemen's civil service commission, being Act No. 78, Pub. Acts 1935, the right to appeal and the proofs to be considered are limited to those proofs taken before the commission. This limitation makes the hearing of the case on the declaration, and the answer and the counteranswer of the plaintiff, entirely nugatory, so the

motion to dismiss the proceeding, except as to the appeal from the firemen's civil service commission, is granted, and if the act is held constitutional and the court be allowed to assume the appeal from the firemen's civil service commission, then this court finds that the action of the civil service commission, in ratifying the order of discharge issued by the mayor in the 2d day of December, 1936, is without any force or effect.''

The trial court further stated that if the Supreme Court should hold Act No. 78, Pub. Acts 1935, constitutional (which a coordinate branch of the circuit court had held unconstitutional and was on appeal to this court) and applicable to cases of this sort, the motion under consideration should be set aside. The order was made without prejudice to mandamus proceedings to reinstate plaintiff. Thereupon, plaintiff petitioned for a writ of mandamus commanding defendants to reinstate him with all back pay, and damages. An order to show cause was made. Defendants filed an answer denying plaintiff was entitled to the relief prayed and asked the order to show cause be dismissed and the writ of mandamus denied, and that the application for back pay and damages likewise be denied. The trial court granted the writ and restored plaintiff to his position of city fireman because plaintiff did not have what the charter and law required he be given, since the only charge ever preferred against him was his absence from work July 23, 1936, which charge was dismissed by the mayor, according to his testimony, and no charges were subsequently preferred. The writ was issued without prejudice to the defendant city filing charges against plaintiff and following them through in accordance with the city charter and the statute. The court held that since plaintiff had not worked since his discharge, the question of whether he was

entitled to any remuneration for the period would be left to the trial on the merits of a case commenced for that purpose against the proper parties. Both parties sought leave to appeal from this order to this court. Appeal in the nature of certiorari was granted.

Plaintiff urges it was error for the court not to order that his salary from December 2, 1936, to the time of hearing, 15 months in all, be paid. Defendants claim the court erred in compelling the reinstatement of plaintiff, in saying defendants did not afford plaintiff a proper hearing under the charter and the law. Defendants contend plaintiff was guilty of laches in filing his petition for mandamus.

The veterans' preference act (as amended by Act No. 67, Pub. Acts 1931), § 2 (Comp. Laws Supp. 1935, § 901, Stat. Ann. § 4.1222), provides:

"No veteran or other soldier, * * * in any public department * * * of * * * any * * * city * * * shall be removed or suspended, * * * except for official misconduct, habitual, serious or wilful neglect in the performance of duty, extortion, conviction of intoxication, conviction of felony, or incompetency; * * * except after a full hearing before * * * the mayor * * * and at such hearing the veteran shall have the right to be present and be represented by counsel and defend himself against such charges: *Provided further,* That as a condition precedent to the removal of such veteran, he shall be entitled to a notice stating the cause or causes of removal at least fifteen days prior to the hearing above provided for, and such removal, suspension or transfer shall be made only upon a written order of * * * the mayor, * * * *Provided, however,* That where such veteran has been removed, transferred, or suspended other than in accordance with the provisions of this act, he shall file a written protest with the officer whose duty under the provisions of this act it is to make the

removal, transfer, or suspension, within thirty days from the day such veteran is removed, transferred, or suspended; otherwise the veteran shall be deemed to have waived the benefits and privileges of this act."

Act No. 78, Pub. Acts 1935 (the civil service act for firemen), provides:

"Sec. 13. Nothing in this act contained shall limit the power of an appointing officer to suspend without pay, for purposes of discipline, an employee or subordinate for a reasonable period, not exceeding thirty days.  *  *  *

"Sec. 14. The tenure of every one holding an office, place, position or employment under the provisions of this act shall be only during good behavior and efficient service; and any such person may be removed or discharged, suspended without pay, deprived of vacation privileges or other special privileges for incompetency, inefficiency, dishonesty, drunkenness, immoral conduct, insubordination, discourteous treatment to the public, neglect of duty, violation of the provisions of this act or the rules of the commission, or any other failure of good behavior, or any other acts of misfeasance, malfeasance or nonfeasance in office: *Provided, however,* No member of any fire department within the terms of this act shall be removed, discharged or reduced in rank or pay except for cause, and in no event until he shall have been furnished with a written statement of the reasons for such actions. In every case of such removal or reduction a copy of the statement of reasons therefor and answer thereto, if the person sought to be removed desires to file such written answer, shall be furnished to the civil service commission and entered upon its records. If the person sought to be removed or reduced shall demand it, the civil service commission shall grant him a public hearing, which hearing shall be held

within a period of ten days from the filing of the charges in writing and a written answer thereto. At such hearing the burden shall be upon the removing officer to justify his action.   In event that the civil service commission fails to justify the action of the removing officer then the person sought to be removed shall be reinstated with full pay for the entire period during which he may have been prevented from performing his usual employment, and no charges shall be officially recorded against his record.   A written record of all testimony taken at such hearing shall be kept. * * * In event that the civil service commission shall sustain the action of the removing officer the person removed shall have an immediate right of appeal to the circuit court of the county wherein the city, village or municipality is situated.   Said appeal shall be taken within ninety days from the entry from the civil service commission of its final order; upon such an appeal being taken and docketed with the clerk of the circuit court of said county, the circuit court shall proceed to hear the appeal upon the original record taken therein and no additional proof shall be permitted to be introduced.   The circuit court's decision shall be final, saving the employee, however, the right to petition the Supreme Court for a review of the court's decision. * * * (Counsel may be employed to represent the removing officer and person sought to be removed both before the civil service commission and upon appeal). * * *

"SEC. 19.   All acts and parts of acts in conflict with the provisions of this act are hereby repealed insofar as they conflict with the provisions of this act."

The charter of 1926, as amended, of defendant city provided:

"The commission (police and fire commission) may discipline, suspend temporarily and discharge

permanently any member of the police and fire departments for any cause which the commission, in the exercise of their discretion, deem sufficient, provided, however, that a statement in writing of the cause or causes of his suspension or removal be served upon him and that he be given a hearing before the commission. The decision of the commission shall be final.''

Plaintiff contends he was not legally discharged December 2, 1936, after the charges against him had been dismissed on August 19, 1936, because the dismissal of the charges rendered the same *res judicata*. Only the record in a case on appeal may be considered. *McDonald* v. *Ford Motor Co.*, 268 Mich. 39; *Anderson* v. *Jersey Creamery Co.*, 278 Mich. 396; *O'Connor* v. *O'Connor*, 281 Mich. 640.

The statute (1 Comp. Laws 1929, § 2260 [Stat. Ann. § 5.2103]) provides that when the charter, or amendment, of a city is approved, two printed copies thereof shall be filed with both the secretary of State and the county clerk of the county in which the city is located ''and shall thereupon become law.'' *Northrup* v. *City of Jackson*, 273 Mich. 20.

The Wyandotte city charter, chap. 7, § 26, approved March 2, 1926, provided:

''The commission (police and fire commission) shall assume and exercise supervision over the police and fire departments and make all proper rules for the government and discipline thereof.''

After the passage of Act No. 78, Pub. Acts 1935 (the firemen's civil service act), the charter of the defendant city was amended to comply therewith.

The mayor of defendant city is, by the charter, made the chief executive officer thereof. Charter 1926, chap. 5, § 1. The amendment of defendant city's charter following the passage of the civil service act for firemen (Act No. 78, Pub. Acts 1935) pro-

vided that the tenure of every one holding an office, place, position or employment under its provisions "shall be only during good behavior and efficient service." The duty of the mayor to exercise supervision over the several departments of the city government expressly conferred by the provisions of defendant city's charter (Charter 1926, chap. 5, § 1) undoubtedly vested in him authority to discipline members of the fire department for cause. Plaintiff's failure to report for duty July 23, 1936, if wilful, was not a display of good behavior and efficient service and, in the discretion of the mayor, called for some type of discipline. *People, ex rel. Duffy,* v. *Ennis,* 19 N. Y. Supp. 946. As to discipline which might result in dismissal or removal for more than 30 days, the provisions of the veterans' preference and firemen's civil service acts govern, but as to lesser discipline, neither would necessarily control. The right to impose such discipline is vested by the charter in the mayor, subject undoubtedly to the general principle that such power of discipline reposed in the mayor should not be abused. The civil service act does not call for hearing before the mayor, although such hearing is authorized by the charter. Neither does it prohibit such hearing. The question here is, what is the effect of the mayor's disposition of the charges heard before him.

In *Dullam* v. *Willson,* 53 Mich. 392 (51 Am. Rep. 128), where the question of the governor's right to remove officers under the constitutional authority conferred upon him by the Constitution was involved, it was held the governor was not authorized to exercise the power of removal at his pleasure or caprice. It is only when the causes named exist that the power conferred can be exercised. It follows as a necessary consequence that the fact must be determined before the removal can be made. It is also

clear that the fact must be determined by some tribunal invested with judicial power, for a determination whether specified causes exist is the exercise of judicial functions. Judicial determination of facts must rest upon and be preceded by notice, proofs and hearing. The proceedings for the removal of plaintiff were judicial or quasi-judicial in character. *Dullam* v. *Willson, supra; People, ex rel. Clay,* v. *Stuart,* 74 Mich. 411 (16 Am. St. Rep. 644) ; *Speed* v. *Common Council of the City of Detroit,* 98 Mich. 360 (22 L. R. A. 842, 39 Am. St. Rep. 555) ; *Attorney General* v. *Bairley,* 209 Mich. 120. Under the Constitution, the legislature may provide for the removal of municipal officers.* The officer or body upon whom this power is conferred does not act in a purely political or administrative capacity. Such officer or body must of necessity act in a quasi-judicial capacity and the method of procedure must be of a quasi-judicial character. *Stockwell* v. *Township Board of White Lake,* 22 Mich. 341; *Speed* v. *Common Council of the City of Detroit, supra.* An existing final judgment or decree rendered upon the merits without fraud or collusion by a tribunal of competent jurisdiction upon a matter within its jurisdiction is conclusive of the rights of the parties, or their privies, in all other actions or suits in the same or any other tribunal of concurrent jurisdiction on the points and matters in issue in the first proceeding. 15 R. C. L. p. 950; 3 Freeman on Judgments (5th Ed.), § 1258; 34 C. J. p. 759; *Dennison* v. *Payne* (C. C. A.), 293 Fed. 333; *Watkins* v. *Mississippi State Board of Pharmacy,* 170 Miss. 26 (154 South. 277).

Upon the hearing, the mayor testified that he dismissed the charges against plaintiff August 19, 1936, and that from August 19 to September 21, 1936, no new charges had been presented to him upon which

---

* See Const. 1908, art. 9, § 8.—REPORTER.

plaintiff was requested to appear for trial; that he signed the order of removal at the request of the police and fire commission notwithstanding he had, after hearing, dismissed the charges. On cross-examination, he reiterated the statement that he dismissed the charges against plaintiff, after hearing, August 19, 1936.

There seems to be no question the charges against plaintiff were heard upon their merits on August 19, 1936, and the charges dismissed. The testimony of the mayor is clear and unambiguous to the effect the charges were dismissed and that after such dismissal he subsequently, in deference to the opinion of the police and fire commission, signed an order of removal. He could not thus resurrect proceedings already determined, or substitute conviction for acquittal. Such dismissal of the charges against plaintiff was a bar to any further proceedings thereon. 9 R. C. L. p. 209; *Durant* v. *Essex Co.,* 7 Wall. (74 U. S.) 107; *Northrup* v. *Jay,* 262 Mich. 463. After the charges against plaintiff were once dismissed by the mayor, such dismissal was final and the same could not be resurrected, though such dismissal of the charges would probably be no bar to the institution of removal proceedings based upon matters not involved.

Act No. 78, Pub. Acts 1935, was before the court in *Re Fredericks,* 285 Mich. 262, and its constitutionality upheld, the right of appeal being limited in its scope substantially in accordance with the right of review by certiorari. This is the rule supported in 2 McQuillin's Municipal Corporations (2d Ed.), p. 375, § 593; 6 McQuillin's Municipal Corporations (Rev. 2d Ed.), p. 507, § 2580. The scope of the appeal under the firemen's civil service act is limited to determination of whether the testimony taken fairly tends to support the finding.

In *McClain* v. *Township of Royal Oak*, 276 Mich. 185, a war veteran was reinstated by mandamus under the veterans' preference act as a member of the Royal Oak township fire department. Later, he was legally discharged. This court held plaintiff was not entitled to recover salary for the period during which he did not perform services, in the absence of a statutory provision requiring such payment. But Act No. 78, § 14, Pub. Acts 1935 (Stat. Ann. § 5.3364), provides that where the civil service commission does not justify its action in removing an officer, the person sought to be removed "shall be reinstated with full pay for the entire period during which he may have been prevented from performing his usual employment." The rule of *McClain* v. *Township of Royal Oak* was changed by legislative enactment. We think plaintiff entitled to recover his full pay for the period during which he was prevented from performing his usual employment, $170 a month. The statute is mandatory. 2 McQuillin's Municipal Corporations (2d Ed.), p. 243, § 539; *People, ex rel. Reiblich,* v. *Waldo,* 162 App. Div. 417 (147 N. Y. Supp. 286); *People, ex rel. Jacobs,* v. *Coffin,* 282 Ill. 599 (119 N. E. 54); *State, ex rel. Roe,* v. *City of Seattle,* 88 Wash. 589 (153 Pac. 336). The question of laches is without merit under the facts herein. The amount plaintiff is entitled to is fixed and determined and, though mandamus will not ordinarily lie where there is another adequate remedy, *Hartz* v. *Wayne Circuit Judge,* 164 Mich. 231, or the amount due is in dispute, here the amount due is liquidated and only awaits payment. Under such circumstances, mandamus will issue to reinstate and to pay plaintiff as indicated herein.

Wiest, C. J., and Butzel, Bushnell, Sharpe, Chandler, and McAllister, JJ., concurred with Potter, J. North, J., concurred in the result.