ARMSTRONG *v.* MICHIGAN UNEMPLOYMENT
COMPENSATION COMMISSION.

1. OFFICERS—UNCLASSIFIED SERVICE—INJUNCTION—DISCHARGE.
    Employees in the unclassified service of the State who were employed by the unemployment compensation commission and failed to pass a civil service examination prescribed by the commission could not maintain suit for injunction to restrain their discharge for such failure whether or not such commission had power to adopt civil service system or not (Act No. 1, Pub. Acts 1936; Act No. 346, Pub. Acts 1937, as amended by Acts Nos. 97, 245, Pub. Acts 1939).

2. Same—Unclassified Service—Termination of Employment.

> The unclassified employees of a State department are without civil service protection and their employment may be terminated at the pleasure of the department (Act No. 1, Pub. Acts 1936; Act No. 346, Pub. Acts 1937, as amended by Acts Nos. 97, 245, Pub. Acts 1939).

Appeal from Wayne; Merriam (DeWitt H.), J. Submitted May 3, 1940. (Docket No. 137, Calendar No. 41,139.) Decided June 7, 1940.

Bill by Joseph Armstrong and others against Michigan Unemployment Compensation Commission and others to enjoin discharge of plaintiffs as employees of the commission. Bill dismissed. Plaintiffs appeal. Affirmed.

*Edward N. Barnard,* for plaintiffs.

*Thomas Read,* Attorney General, *James A. Green,* Chief Assistant Attorney General, *Edmund E. Shepherd* and *Kenneth G. Prettie,* Assistants Attorney General, for defendants.

North, J. Plaintiffs have appealed from a decree entered in the circuit court in chancery for Wayne county dismissing their bill of complaint wherein they sought the injunctive relief hereinafter noted. Plaintiffs are employees of the Michigan unemployment compensation commission; and the defendants are the chairman and members of the Michigan unemployment compensation commission, the director and secretary of the commission, the members of the civil service council of the commission, and the secretary of the council.

In so far as the provisions of the general civil service law of this State are concerned, these plaintiffs are in the unclassified service; and they charge that by reason of the provisions of the general civil service law as framed by the legislature they should not be in a classified civil service, and that the defend-

ant commission is without power or jurisdiction to subject them to a system of civil service.

The commission contends that by resolution in June, 1939, it established within its department certain civil service regulations by which plaintiffs and others were required to take a prescribed examination. Plaintiffs and certain others who took the examination failed to pass; and thereafter the commission threatened to discharge plaintiffs because of such failure. Plaintiffs challenge the right or power of the commission to adopt a civil service system, and by their bill of complaint they seek to have defendants enjoined from discharging plaintiffs. Pending final disposition of the controversy in this Court the *status quo* of plaintiffs has been preserved by temporary injunction.

Plaintiffs concede that they are unclassified employees in so far as the provisions of the general civil service law of the State are concerned; and they make no contention that they or any of them are employed for definite or fixed terms. Their contention is that the action of the defendants purporting to establish a separate civil service system in that department is null and void because it is not within the jurisdiction or power of the commission to establish such a system.

It seems clear that plaintiffs can have no standing in court in this proceeding unless they establish that they have some civil service status which secures to them continuing tenure in their employment. Notwithstanding an allegation to the contrary in their bill of complaint, plaintiffs have rightly taken the position in submitting this appeal that ''by virtue of the provisions of the general civil service law of this State, plaintiffs are in the unclassified service.'' Act No. 346, Pub. Acts 1937, as amended by Acts Nos. 97 and 245, Pub. Acts 1939 (Comp. Laws Supp. 1940, § 402-1 *et seq.*, Stat. Ann. § 3.951 *et seq.*, as amended). And plaintiffs, as noted, assert the defendant commission has no power under the statute creating and

governing the commission (Act No. 1, Pub. Acts 1936, [Ex. Sess.] [Comp. Laws Supp. 1940, § 8485-41 *et seq.,* Stat. Ann. 1939 Cum. Supp. § 17.501 *et seq.*]) to establish within that department a civil service system. In other words, plaintiffs claim no civil service rights or protection as classified employees in their respective positions.

Section 5 of the act last above cited provides: "The commission shall have the power to appoint such employees and assistants as shall be necessary for the proper exercise of the powers hereby granted, and may delegate to any such employees or assistants such authority as it deems reasonable and necessary." By this statutory provision the defendant commission was empowered to employ each of plaintiffs; and, except possibly as provided in the commission's resolutions establishing civil service in that department, there is no provision, constitutional, statutory, or otherwise, which curtails the power of the commission to dismiss its employees. The issue for decision in the instant case is the right of plaintiffs to continue in their respective positions as employees of the State. So far as decision is concerned it is of no consequence (and we do not need to determine) whether the defendant commission has the power to establish within its department a civil service system. If it has such power this record discloses justification for the termination of plaintiffs' employment with the department on the ground that they failed to pass the civil service examination. On the other hand if the department is without power to establish a civil service system, then plaintiffs as unclassified employes are without civil service protection, and the department at its pleasure may terminate their employment. *McClain* v. *Township of Royal Oak,* 276 Mich. 185.

In support of their motion to dismiss plaintiffs' bill of complaint defendants assign as a reason: "that a court of equity has no jurisdiction over the

appointment or discharge of public officers." As applied to the facts in this case the reason is sound. The decree entered in the circuit court dismissing plaintiffs' bill of complaint is affirmed and the restraining order issued by this court dissolved. Costs of this appeal to appellees.

BUSHNELL, C. J., and SHARPE, POTTER, CHANDLER, MCALLISTER, WIEST, and BUTZEL, JJ., concurred.