George W. BICHSEL et al., Appellants,

v.

Duke CARVER, Jr., Appellee.

No. 13330.

Court of Civil Appeals of Texas.

San Antonio.

April 2, 1958.

Rehearing Denied April 30, 1958.

Carlos C. Cadena, A. W. Worthy, Jr., San Antonio, for appellants.

Adrian A. Spears, San Antonio, for appellee.

POPE, Justice.

This is a mandamus proceeding. Duke Carver, Jr., a suspended City policeman, brought this action against the City of San Antonio and the Chief of Police, seeking reinstatement after he was indefinitely suspended. He also asked for an injunction against a hearing before the Civil Service Commission. All material facts are agreed upon. Carver claimed that the Civil Service Commission had once reinstated him and that a second hearing before the Civil Service Commission is an illegal procedure. The trial court granted both the mandamus for reinstatement and the temporary injunction against another hearing. City by this appeal states that Carver's remedy should have been an appeal after hearing before the Commission, instead of by mandamus. City also asserts that the trial court improperly construed the Civil Service Act by its ruling that the Act prohibits a second set of charges against a suspended policeman after former charges are withdrawn and the policeman is ordered reinstated. Sec. 16, Art. 1269m, Vernon's Ann.Civ. Stats. Carver's contention that further proceedings before the Civil Service Commission were illegal is based on Sec. 16 of the Act, which provides:

"In any Civil Service hearing hereunder, the department head is hereby restricted to his original written statement and charges, which shall not be amended."

He asserts that charges were once prepared and filed against him, that he perfected his

appeal to the Civil Service Commission, that after he leveled exceptions to the charges they were withdrawn, and that the Commission then entered a final order reinstating him. He argues that the City, in suspending him a second time and in filing a new and different set of charges against him was proceeding in an illegal manner expressly prohibited by the Civil Service Act.

On September 19, 1957, the Chief of Police suspended Carver from the Police Department because of a night club affray in which he was a participant. The charges against Carver were timely filed with the Civil Service Commission, and they were served on Carver. He appealed to the Civil Service Commission, as permitted by the Act, and at the hearing he urged an exception to the legality of the charges because they stated no violation of the Civil Service Rules. The exception was good and the City withdrew the charges. Carver was then reinstated by order of the Civil Service Commission, and he continued to serve as a policeman until October 17, 1957, when the Chief of Police filed a second set of charges with the Commission, based upon the same incident as the first. Carver was suspended a second time, and again he appealed the suspension to the Civil Service Commission. The Commission set a date for a hearing, and it was agreed that thirty witnesses were subpoenaed for this second hearing and that it would have been conducted but for this suit.

City's first point is that Carver should have proceeded before the administrative agency instead of by mandamus and injunction in the court. Carver's contention is that he had already once successfully exhausted his remedy before the agency, and the agency was illegally proceeding a second time in spite of a clear statutory prohibition.

■ Mandamus was a proper remedy in the situation presented. The controlling questions in the case concerned the scope of the statutory power of the administrative agency and the meaning of the statutory prohibition against new and amended charges under Sec. 16 of the Civil Service Act. Those are judicial rather than administrative questions and mandamus is proper. 73 C.J.S. Public Administrative Bodies and Procedure §§ 46, 47; 35 Am. Jur., Mandamus, § 238; Lilienthal v. City of Wyandotte, 286 Mich. 604, 282 N.W. 837.

In City of Dallas v. McDonald, Tex., 98 S.W.2d 167, several policemen were refused the right to written charges and a hearing before the trial board. By a separate action in the court, they asked for their salary and reinstatement. They recovered their salary, but because their terms of office had already expired, reinstatement was refused. On rehearing, the Supreme Court reaffirmed that position, but, in writing further on another point, held that the policemen had received all their rights as expressed in the City Charter, and that the Court would not intervene. City of Dallas v. McDonald, 130 Tex. 299, 107 S.W.2d 987. In City of Amarillo v. Hancock, 150 Tex. 231, 239 S.W.2d 788, 792, the Court again distinguished cases wherein the administrative procedure was illegal, from those wherein it was proper, and approved the distinction made in the McDonald case, saying: "No contention is made here that the City of Amarillo failed to follow the proper administrative procedure, as in the case of City of Dallas v. McDonald, Tex., 98 S.W.2d 167, on rehearing 130 Tex. 299, 107 S.W.2d 987."

■ City's second point concerns the meaning of the statute. It claims that the statute does not prevent the City from withdrawing one set of charges, so that it can reinstate the policeman by a final order, and then start over a second time. The statute, however, lends little support to the contention. It restricts the department head to his original written statement and charges, and then it prohibits even an amendment. The legislative intent is apparent. The Act gave the department head

power to exercise prompt and summary action by suspension even before charges are prepared and without hearing. Once having acted, however, the department head must then, within 120 hours from the suspension, file a statement with the Commission which will support the severe action. One who exercises the severe power of suspension must be ready to support his action, and this he must do within 120 hours, not later. If the department head be uncertain of his grounds, he has six months in which to investigate, prepare and file his charges, but once the officer is suspended, the charges must stand as filed.

The second set of charges in this instance also came too late. Carver was admittedly suspended on September 19th. Those charges were illegally stated, and Carver was reinstated after his first appeal. He was suspended a second time on October 17th. Sec. 16, Art. 1269m, Vernon's Ann. Civ.Stats., requires the department head to state his charges within 120 hours after the officer is suspended. The suspension order of October 17th came almost a month after Carver was first suspended. In our opinion, the Civil Service Act contemplates prompt and correct action after an officer is suspended, and this purpose would be wholly defeated by an interpretation which permits a series of improper suspensions, faulty charges, successive appeals, dismissals or withdrawals and reinstatements, until a valid charge is ultimately stated.

This interpretation is further supported by the provisions in Section 17 of the Act, which declares the procedure before the Commission. It states that one who appeals may, within ten days, file with the Commission a statement denying the truth of the charge as made, or a statement taking exception to the legal sufficiency of the charges. The Legislature has recognized the fact that invalid charges may be quashed, and yet, in Section 16, has limited the City to its original charge which cannot be amended. The statute did not contemplate new, different, changed and amended charges, and said

so, about as succinctly and clearly as prohibitory language permits. State ex rel. Barry v. Connor, 86 Tex. 133, 23 S.W. 1103, 1107. Accord, Heap v. City of Los Angeles, 6 Cal.2d 405, 57 P.2d 1323; City of Fort Wayne v. Bishop, 228 Ind. 304, 92 N.E.2d 544.

The judgment is affirmed.