CITY OF CORPUS CHRISTI et al.,
Appellants,

v.

A. R. STOWE, Appellee.

A. R. STOWE, Appellant,

v.

CITY OF CORPUS CHRISTI et al.,
Appellees.

Nos. 13621, 13637.

Court of Civil Appeals of Texas.

San Antonio.

Sept. 21, 1960.

Mahoney & Shaffer, Corpus Christi, for A. R. Stowe.

I. M. Singer, City Atty., Chas. N. Cartwright, Asst. City Atty., Corpus Christi, for City of Corpus Christi.

BARROW, Justice.

The above styled and numbered causes involve the same controversy and will therefore be disposed of jointly. The City of Corpus Christi et al., will be referred to as the City, and A. R. Stowe will be referred to as Stowe.

Stowe filed suit in Cause No. 69136–C in the District Court of Nueces County, against the Civil Service Commission for Firemen and Policemen for the City of Corpus Christi, the City of Corpus Christi, Texas, and R. T. Runyan, Chief of Police for the said City, on December 22, 1959, seeking a writ of mandamus to compel his reinstatement as a policeman in the Police Department of said City, and as ancillary thereto seeking an injunction to prevent the City from taking any action on certain charges filed against him by the Chief of Police under the provisions of Article 1269m, Vernon's Ann.Civ.Stats., known as Firemen's and Policemen's Civil Service Act. The court granted a temporary restraining order, and on January 6, 1960, granted a temporary injunction pending a hearing on the main suit. On January 16, 1960, the trial court sustained defendants' special exception No. 2, and upon plaintiff's declining to amend entered judgment dismissing the suit, but entered an order continuing the injunction in force pending the appeal. The City appealed from the order granting the temporary injunction, and Stowe appealed from the judgment dismissing the suit.

Stowe contends that the court erred in sustaining the City's special exception and dismissing his suit, because the written charges of his indefinite suspension were not filed within 120 hours after his suspension, and because the Chief of Police failed to deliver him a copy of the charges after they were filed with the Civil Service Commission, as required by Art. 1269m, § 16, Vernon's Ann.Civ.Stats. We overrule that contention.

■■ The facts disclosed by the record are that on March 4, 1959, the Chief of Police filed with the Commission the written charges required by Section 16 of the Act, fixing the time of Stowe's indefinite suspension at February 28, 1959. On March 11, 1959, Stowe, by letter, denied the charges, appealed to the Civil Service Commission and requested a postponement of the hearing thereon, which postponement was granted. After a hearing before the Commission had been set for December 22, 1959, Stowe on said date filed his suit for mandamus and injunction, alleging that his suspension actually occurred on February 25, 1959, at about 9 A. M., and that the filing of the charges on March 4, fixing his suspension at February 28, 1959, was not in truth and in fact within 120 hours after his suspension. In regard to the delivery of the copy of the charges to Stowe, the specific facts alleged by him are somewhat vague, indefinite and confusing, but the gravamen of his complaint is that it was not delivered to him *after* it was filed with the Commission. His petition nowhere

negatives the immediate delivery to him of a true copy of the charges, but limits his allegation to a failure to deliver *after* the charges were filed. We think that if a copy of the charges was delivered to him, either before or at the time of filing, such delivery would be a compliance with the statute. The statute does not require that the charges be filed and a copy delivered to him immediately thereafter. Thus it is apparent that issues of fact within the jurisdiction of the Civil Service Commission are presented: (1) Was Stowe suspended on February 25, 1959, or February 28, 1959? (2) Did the Chief of Police immediately deliver to Stowe a copy of the charges upon which he was suspended?

■ The rule is well settled that where an administrative remedy is provided by statute, relief must ordinarily not only be sought initially from the appropriate administrative agency, but such remedy usually must be exhausted before a litigant may resort to the courts. Bichsel v. Heard, Tex. Civ.App., 328 S.W.2d 462; Norris Truck Line v. Railroad Commission, Tex.Civ.App., 245 S.W.2d 746; James v. Consolidated Steel Corp., Tex.Civ.App., 195 S.W.2d 955; 73 C.J.S. Public Administrative Bodies and Procedure § 41, p. 351. In 73 C.J.S. Public Administrative Bodies and Procedure § 46, p. 365, the rule is stated as follows:

"Where an administrative agency has primary jurisdiction of the question in issue, the courts, under the general rule discussed supra § 40, ordinarily will not entertain a proceeding in mandamus or in the nature of mandamus prior to a decision by the agency. On the other hand, where the question involved is judicial rather than administrative, preliminary resort to the agency is not a condition precedent to the institution of a mandamus proceeding. Preliminary resort to an administrative agency is not necessary where the administrative remedy is not exclusive or where matter is presented which is beyond the power or jurisdiction of the agency to afford adequate remedy."

■ We are of the opinion that jurisdiction to determine the fact issues presented by Stowe's petition for mandamus rests primarily in the Civil Service Commission, with right of appeal to the court after final decision of the Commission. The language of the statute is not susceptible of any other construction.

Stowe relies strongly on the opinion of this Court and the Supreme Court in Bichsel v. Carver, 312 S.W.2d 688, and 321 S.W. 2d 284, 287, respectively. We think the Carver case is clearly distinguishable. In that case the facts were not in dispute. The facts were clearly stated in both opinions and will not be detailed here. They showed without dispute that the charge upon which the City relied was filed more than 120 hours after Carver was suspended; and also showed that City was relying on an amended charge which was filed after the original charge had been dismissed and Carver reinstated. The entire case involved judicial interpretation of the Civil Service Act and did not involve any fact issues, as stated in the opinion of the Supreme Court: "Those are judicial rather than administrative questions. 73 C.J.S. Public Administrative Bodies and Procedure § 46, p. 366. No question of administrative discretion is involved. All material facts are agreed upon." On the other hand, in the instant case, the material facts are disputed. There is no disagreement as to the interpretation of the statute involved (Sec. 16 of Art. 1269m, Vernon's Ann.Civ. Stats.).

The trial court's action in sustaining the City's special exception urging that Art. 1269m, supra, affords the suspended policeman a full, complete and adequate remedy and must be resorted to, to the exclusion of a mandamus proceeding, was proper, and on Stowe's refusal to amend, the judgment dismissing the suit was correct and is affirmed.

Passing to the injunction orders appealed from in Cause No. 13621, we are of the opinion that the temporary injunction granted on January 6, 1960, was dissolved by the dismissal of the cause on January 16, 1960. Moreover, we have grave doubts whether the court, having dismissed the cause, had authority to grant an injunction pending an appeal from the judgment of dismissal. However, we do not deem it necessary to decide that question, for the reason that, having affirmed the judgment of dismissal of the main suit, the injunction even if valid becomes moot and is therefore dissolved and dismissed.

All costs are taxed against the appellant-appellee, A. R. Stowe.