**CITY OF HOUSTON, Texas and Policemen's & Firemen's Civil Service Commission, and Chief Wilfred Navarro, in his Official Capacity as Chief of the Airport Police Department, Appellants,**

v.

**Kevin Dale MEISTER, Appellee.**

**No. C14–93–00456–CV.**

Court of Appeals of Texas,
Houston (14th Dist.).

June 30, 1994.

Rehearing Denied Aug. 11, 1994.

Marcus L. Dobbs, Houston, for appellants.

Fred A. Keys, Jr., Houston, for appellee.

Before ROBERTSON, CANNON and DRAUGHN, JJ.

**OPINION**

ROBERTSON, Justice.

This appeal comes to us from the trial court's granting mandamus relief, reinstating appellee, Kevin Dale Meister, in his position as an airport police officer. Meister was "indefinitely suspended" from his position as an airport police officer on June 1, 1992. He appealed this suspension to the Civil Service Commission (Commission) which found the allegations in the letter to be true at a hearing held on July 2, 1992. Before the hearing, however, on July 1, 1992, Meister filed a petition for mandamus relief in district court, complaining of the Commission's lack of jurisdiction to hear the appeal. The hearing proceeded, and the Commission entered an order upholding the indefinite suspension. The trial court heard argument on the writ of

mandamus on August 11, 1992 and granted the mandamus relief requested.

Appellants bring the following five points of error concerning the trial court's action: 1) the trial court erred in failing to abide by the substantial evidence rule in reviewing the fact finding of the commission; 2) mandamus relief was improper in this case; 3) the trial court erred in finding appellee was improperly suspended; 4) the trial court erred in finding the wrong commission heard appellee's appeal; and 5) the trial court erroneously granted attorney's fees. We find appellee had an adequate remedy by appeal and reverse the judgment of the trial court.

Because our decision today turns on the impropriety of the trial court's granting mandamus relief, we begin with appellants' second point of error. Appellee counters this point of error with an assertion he brings in response to all of appellants' points—that the commission lost its jurisdiction over the appeal because of its failure to comply with all established procedures for suspending a police officer, thereby warranting his pursuing mandamus relief with the district court. Section 143 of the Local Government Code sets out the procedures that appellee asserts were not followed. This section aims to encourage secure and efficient fire and police protection through ensuring that such jobs are not endangered through political influence. TEX.LOCAL GOV'T CODE ANN. § 143.001 (Vernon 1988). The statute makes police officers and fire fighters civil servants and sets out a mandatory process for promotions, demotions, dismissals, and other disciplinary action.

We cannot agree with appellee's position that aberrations in the process leading up to Meister's dismissal meant that he could bypass the general rules comprising mandamus law and seek this extraordinary remedy when he offered no reason as to why he had no appropriate remedy by appeal. The Texas Supreme Court recently reaffirmed as a fundamental tenet of mandamus law this prerequisite that a party seeking mandamus relief must show he has no adequate remedy by appeal. *Walker v. Packer*, 827 S.W.2d 833, 842 (Tex.1992). Appellee, however, rests his case on a 1959 Texas Supreme Court case

that sanctions the use of mandamus in a case like that of Meister, stating the following propositions of law:

> We agree also with the Court of Civil Appeals in its holding that mandamus is a proper remedy in the situation presented. The controlling questions concern the scope of the statutory power of the administrative agency and the meaning of the statutory prohibition against new and amended charges under Section 16 of the Act. Those are judicial rather than administrative questions. No question of administrative discretion is involved.... Since the charges before the Civil Service Board were not legally brought under the statute in question, the Chief of Police was not authorized to remove Carver on them, and the Board had no authority to proceed to uphold his suspension under them. *Bichsel v. Carver*, 159 Tex. 393, 321 S.W.2d 284 (1959).

In the handful of cases since *Bichsel* concerning similar issues, the courts of appeals have routinely and without question cited *Bichsel* as authority for this proposition. *E.g., City of Carrollton v. Popescu*, 806 S.W.2d 268, 273 (Tex.App.—Dallas 1991, no writ); *City of Plano Firefighters' and Police Officers' Civil Service Comm'n v. Maxam*, 685 S.W.2d 125, 128 (Tex.App.—Dallas 1985, writ ref'd n.r.e.); *City of Pasadena v. Richardson*, 523 S.W.2d 506, 508 (Tex.Civ.App.—Houston [14th Dist.] 1975, writ ref'd n.r.e.). We find fault with such cases, however, for their failure to analyze the requests for mandamus relief under the proper standard. As the supreme court noted in *Walker v. Packer*, it too has failed in the past to articulate in some mandamus cases the requirement that no adequate remedy be possible through appeal. Despite *Bichsel's* failure to discuss this requirement, two intermediate courts, however, in cases involving alleged errors of the civil service commission for which a party requested this extraordinary remedy, did incorporate in their analysis this heretofore forgotten element of mandamus relief. *Pruitt v. Houston*, 548 S.W.2d 90, 95 (Tex.Civ.App.—Houston [1st Dist.] 1977, no writ); *Cash v. City of Houston*, 426 S.W.2d 624, 627 (Tex.Civ.App.—Houston [14th Dist.] 1968,

writ ref'd n.r.e.). For example, in *Pruitt,* the court of civil appeals reversed the trial court's dismissal of appellant's request for mandamus relief, but only after it had noted the requirement that a requesting party must have no adequate remedy at law and after discussing how this appellant had no such remedy because the statute failed to provide for judicial review of cases such as his entailing demotions. *Pruitt,* 548 S.W.2d at 93, 95. Although the supreme court in *Walker* addressed this requirement in the context of a discovery dispute, it notes that this requirement is a basic tenet of mandamus law in general. *Walker,* 827 S.W.2d at 844; *see also* Helen A. Cassidy, *The Instant Freeze–Dried Guide to Mandamus Procedure in Texas Courts,* 31 S.TEX.L.REV. 509, 511 (1990) (describing "time-honored rule" that "mandamus ordinarily does not issue when there exists an adequate remedy by appeal" but noting 1926 exception requiring adequate remedy to be as effective as mandamus).

Meister argues that the commission had no authority over him for failure to follow the statute's guidelines for bringing charges against a police officer. This complaint is one of jurisdiction, and Meister's complaint in this regard is no different from any other party bringing such complaint in a trial court in the form of a special appearance or a plea to the jurisdiction. Courts have consistently maintained, however, that questions of subject matter and even personal jurisdiction are not appropriate for mandamus relief because of the existence of an adequate remedy by appeal. *See Canadian Helicopters v. Wittig,* 876 S.W.2d 304 (Tex.1994); *N.H. Helicopters, Inc., v. Brown,* 841 S.W.2d 424, 426 (Tex.App.—Dallas 1992, no writ). We find no authority to support appellee's suggestion that an appeal from an administrative body should be addressed any differently from jurisdictional questions arising at the trial court level. Again in *Canadian Helicopters,* the supreme court articulated the importance of the additional requirement that a relator lack an adequate remedy by appeal when complaining of a trial court's abuse of discretion. *See Canadian Helicopters, Ltd.,* 876 S.W.2d at 305 (noting line of cases upholding requirement that mandamus relief issues

only where no adequate remedy by appeal possible). Interestingly, the supreme court expressly limited the application of its decision in *Mexican States v. Ashley,* 556 S.W.2d 784 (Tex.1977), describing its precedential value as limited, for the very fact that it did not engage in any discussion of why a remedy by appeal would not have been adequate. *Canadian Helicopters,* 876 S.W.2d at 306; *see also id.* n. 6 (approving appellate court's analysis of unique circumstances in *Mexican States v. Ashley* ).

The use of mandamus to correct rulings by a lower court, or in this case an administrative body, has typically been narrowly restricted, thereby justifying this writ's notoriety as an extraordinary remedy. Behind this rule of law lies a significant policy rationale— a recognition of the need for "orderly trial proceedings" without the "constant interruption of the trial process by appellate courts." *Pope v. Ferguson,* 445 S.W.2d 950, 954 (Tex. 1969), *cert. denied,* 397 U.S. 997, 90 S.Ct. 1138, 25 L.Ed.2d 405 (1970). Appellants' argument on the inappropriateness of mandamus in cases such as this one reflects the soundness of this policy, as they note the result of appellee's argument would be a complainant overriding the administrative body and seeking mandamus relief in the trial court even on the allegation that the commission had overstepped its legal boundaries. Such a result illustrates the disruption that a mandamus action can wreak in cases in which it is inappropriate. Any potential argument by appellee for how an appeal would be inadequate in his case is further weakened by section 143 of the Local Government Code that not only provides for judicial review of the commission's rulings, but also expressly requires that such appeals "be advanced on the district court's docket and given a preference setting over all other cases." TEX.LOCAL GOV'T CODE ANN. § 143.-121 (Vernon 1988).

Therefore, given the supreme court's recent reaffirmations of the requirement that a relator prove why judicial review through a regular appeal is not adequate, we cannot condone the lack of such proof or even discussion in the instant case. Indeed, appellee conceded at oral argument that he had a

choice of remedies but chose the avenue of mandamus review because the 1959 case of *Bichsel v. Carver* sanctioned this practice. For all of the above reasons, we find appellee had an adequate remedy at a law that he failed to pursue. Point of error two is sustained.

Having found error for the above reasons in the trial court's granting mandamus relief, we do not address appellants' remaining points except to address briefly the issue of attorney's fees presented in point of error five. Under the statute, the trial court may award reasonable attorney's fees to the prevailing party and assess court costs against the nonprevailing party. TEX.LOCAL GOV'T CODE ANN. § 143.015(d) (Vernon 1988). As our decision today holds, however, the trial court erred in granting appellee relief; therefore, appellee cannot be considered a prevailing party and is not entitled to attorney's fees under the statute. Point of error five is sustained.

Appellee chose to pursue his case to the district court via mandamus instead of the usual avenue of appeal and cannot now avail himself of an appeal from the commission's decision having missed the statutory deadlines for this appeal. However, we must reverse the judgment of the trial court for granting mandamus relief when appellee had an adequate remedy at law.