TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-99-00854-CV






Stanley L. Knee, Appellant



v.



Samuel Ramirez, Appellee






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 53RD JUDICIAL DISTRICT


NO. 99-10441, HONORABLE W. JEANNE MEURER, JUDGE PRESIDING 






 Appellant Stanley L. Knee, Chief of the Austin Police Department (APD), appeals
from the trial court's grant of mandamus relief to appellee Samuel Ramirez, a suspended APD
officer who sought reinstatement and back wages. We will vacate the trial court judgment.


Factual and Procedural Background



 On August 11, 1999, Knee signed a notice imposing an "indefinite suspension" on
Ramirez. (1) Knee attempted to serve that notice on Ramirez; service occurred on August 17, 1999. 
The APD filed a copy of the notice with the Civil Service Commission of the City of Austin (the
Commission) (2) approximately two hours after service on Ramirez. Ramirez filed a petition for writ
of mandamus in the district court, asserting that the APD had not timely filed the notice of
suspension with the Commission, that the Commission lacked jurisdiction, and that Ramirez was
therefore entitled to mandamus relief reinstating him to his position. (3) As part of his opposition
to the petition for writ of mandamus, Knee filed an affidavit asserting that, in the experience of
the Austin Police Department, the Civil Service Commission would not accept the filing of the
required document stating the reasons for suspension until after that document had been served 
on the officer involved, as evidenced by the officer's signature. Therefore, Knee impliedly
asserts, the "hour of suspension" must be the time of service on the officer. The trial court
granted Ramirez's requested relief. In one point of error on appeal, Knee contends that the trial
court erred in granting Ramirez's petition for writ of mandamus.


Discussion



 Appellant Knee argues that the court erred in granting mandamus relief because
appellee had an adequate remedy at law, relying on Walker v. Packer, 827 S.W.2d 833, 840-41
(Tex. 1992). Appellee argues that the trial court judgment should be affirmed on its merits; and
he has no adequate remedy at law because the Civil Service Commission has no jurisdiction. In
City of Houston v. Meister, 882 S.W.2d 29, 30 (Tex. App.--Houston [14th Dist.] 1994, no writ),
the court applied Walker v. Packer to find a mandamus action brought in the trial court improper
because the suspended officer could appeal to the Civil Service Commission. Any irregularities
in the suspension process that the officer claimed deprived the Commission of jurisdiction could
be raised in a plea to the jurisdiction. See id. at 31. Although the Meister case is persuasive, we
think a clearer analysis focuses on the principle of exhaustion of administrative remedies rather
than the form of action brought in the trial court. (4)


Exhaustion of Administrative Remedies


 The doctrine of exhaustion of administrative remedies was judicially created to
further important policy considerations. See Walls Regional Hospital v. Honorable Tommy
Altaras, 903 S.W.2d 36, 41-42 (Tex. App.--Waco 1994, orig. proceeding) (citing McCarthy v.
Madigan, 503 U.S. 140, 144-47 (1992)). Among the policy concerns are: to recognize special
expertise, to fulfill legislative goals in establishing an agency, to prevent premature judicial
intervention in the administrative process that could ultimately hinder judicial review, and to
promote judicial economy. See Walls, 903 S.W.2d at 42-43. Although the exhaustion doctrine 
is often codified in various statutory schemes such as the Administrative Procedure Act, (5) the
doctrine also applies to cases not governed by such a specific statutory requirement. Id. (citing
Darby v. Cisneros, 509 U.S. 137 (1993)). There is no need to exhaust administrative remedies
in a matter involving a pure question of law. See Grounds v. Tolar Indep. Sch. Dist., 707 S.W.2d
889, 892 (Tex. 1986); Frasier v. Yanes, 9 S.W.3d 422, 427 (Tex. App.--Austin 1999, no pet.).

 When the enabling civil service statute provides for appeal to the Civil Service
Commission, the doctrine of exhaustion has been applied. The case of Arnold v. City of Sherman
was an appeal from a trial court judgment refusing appellant a writ of mandamus. See 244
S.W.2d 880, 880 (Tex. Civ. App.--Dallas 1953, writ ref'd). The Arnold case involved a plan by
which a discharged fireman could seek review of the discharge from the city council. See id. at
883. He did not do so, instead bringing a petition for writ of mandamus. The court held that
before a writ of mandamus will be awarded, the applicant must exhaust all his administrative
remedies provided by law. Id. Because he did not do so, he could not apply for a writ of
mandamus. See id.

 Similarly, City of Corpus Christi v. Stowe, 338 S.W.2d 767, 768 (Tex. Civ.
App.--San Antonio 1960, no writ), involved an appeal by Stowe from the trial court dismissal of
his suit for writ of mandamus. The court stated: "The rule is well settled that where an
administrative remedy is provided by statute, relief must ordinarily not only be sought initially
from the appropriate administrative agency, but such remedy usually must be exhausted before
a litigant may resort to the courts." Id. at 769. The court noted that issues of fact were involved
in the case before it, which distinguished the case from Bichsel v. Carver, 321 S.W.2d 284, 287
(Tex. 1959), on which appellee Stowe relied to bypass the civil service commission.

Exhaustion as Applied to this Case


 In this case, the statute provides for an appeal to the Civil Service Commission
from the police chief's decision to suspend officer Ramirez. See Tex. Loc. Gov't Code Ann.
§ 143.052(d) (West 1999). Ramirez relies on Bichsel for the proposition that the Civil Service
Commission lacked jurisdiction and he was therefore authorized to obtain mandamus relief from
the district court. See 321 S.W.2d at 287. But Bichsel involved a pure question of law. The
statute setting out the suspension procedure clearly prohibited amendment of the charges against
the officer and the department used an amended notice to suspend the officer. See id. at 286-87.

 The matter before us is not so clearly outside the jurisdiction of the Commission--it
does not involve a pure question of law. The issue raised concerning the interaction of the
mechanics of filing a notice of suspension with the Commission and the statutory filing
requirement is at least a mixed question of law and fact. The policy reasons for exhaustion apply: 
the Commission may need to examine its own procedures for filing notices, a matter within its
expertise; the Commission can award the relief requested by Ramirez so the matter might never
reach the court, a matter of judicial economy; and the court, should the matter be presented for
judicial review, will have a clear record to review. We conclude that Ramirez must exhaust the
administrative remedy of appeal to the Civil Service Commission. Accordingly, we sustain
Knee's point of error.

 The record shows that Ramirez, within ten days of receiving notice of his
suspension, filed a notice of appeal with the Commission, along with a motion to postpone the
hearing. (6) See Loc. Gov't Code §§ 143.052(c), .053(b). Nothing in this decision should be
construed as expressing any opinion on the merits of Ramirez's challenge to his suspension. We
vacate the trial court judgment and dismiss the petition for writ of mandamus.



 


 Jan P. Patterson, Justice

Before Justices Jones, Yeakel and Patterson

Vacated and Petition for Writ of Mandamus Dismissed

Filed: August 10, 2000

Do Not Publish
1. This cause concerns Ramirez's "indefinite suspension," which is equivalent to termination. 
See Tex. Loc. Gov't Code Ann. § 143.052(b) (West 1999) (Loc. Gov't Code).
2. The civil service commission is responsible for the administration of the civil service system,
including promulgating rules and conducting adjudicatory hearings. See Loc. Gov't Code
§§ 143.008, .010; see generally 22 David B. Brooks, Municipal Law and Practice § 5.03 (Texas
Practice 2d ed. 1999).
3. See Loc. Gov't Code § 143.052(c) (department head shall, within 120 hours after the "hour
of suspension," file a document stating reasons for suspension with the Commission).
4. The use of Walker v. Packer by the Houston court as if it were controlling precedent may
be problematic because differences exist between a mandamus action brought in the trial court and
a mandamus action brought as an original proceeding in the appellate court. See Anderson v. City
of Seven Points, 806 S.W.2d 791, 792 n. 1 ("An original proceeding for a writ of mandamus
initiated in the trial court is a civil action subject to trial and appeal on substantive law issues and
the rules of procedure as any other civil suit.") (quoting Griffin v. Wakelee, 42 Tex. 513, 516
(1875)). The underlying principle of "no adequate remedy at law" has been applied to the
question whether mandamus is an appropriate action to bring in the trial court. See Palmer Pub.
Co. v. Smith, 109 S.W.2d 158, 159 (Tex. 1937). However, we need not explore the application
of that principle to decide this case.
5. See Tex. Gov't Code Ann. §§ 2001.001-.902 (West 2000) (formerly called Administrative
Procedure and Texas Register Act).
6. The record does not show whether any action has been taken on that motion.



Regular"> In this case, the statute provides for an appeal to the Civil Service Commission
from the police chief's decision to suspend officer Ramirez. See Tex. Loc. Gov't Code Ann.
§ 143.052(d) (West 1999). Ramirez relies on Bichsel for the proposition that the Civil Service
Commission lacked jurisdiction and he was therefore authorized to obtain mandamus relief from
the district court. See 321 S.W.2d at 287. But Bichsel involved a pure question of law. The
statute setting out the suspension procedure clearly prohibited amendment of the charges against
the officer and the department used an amended notice to suspend the officer. See id. at 286-87.

 The matter before us is not so clearly outside the jurisdiction of the Commission--it
does not involve a pure