Reversed and Rendered and Opinion filed February 6, 2003














Reversed and
Rendered and Opinion filed February 6, 2003.

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-02-00695-CV

____________

 

CITY OF HOUSTON, Appellant

 

V.

 

STEVE WILLIAMS, Appellee

 

_____________________________________________________________________

 

On Appeal from
the 80th District Court

Harris County, Texas

Trial Court
Cause No. 02-22690

 

_____________________________________________________________________

 

O P I N I O
N

            The City of Houston appeals
from the trial court’s denial of its plea to the jurisdiction.  Appellee, Steve
Williams, sued the City seeking a declaratory judgment the City violated
statutory provisions in its disciplinary letter and thus his suspension is
void.  In its plea to the jurisdiction,
the City argued that Williams failed to pursue his administrative remedies, the
exhaustion of which is a prerequisite to filing suit.  We reverse and render.




FACTUAL
BACKGROUND

            In the fall of 2001, a dispute
developed within the City of Houston
 Fire Department regarding the number of
firefighters to be assigned to certain types of fire trucks.  The Fire Chief, Christopher Connealy, authorized the operation of such vehicles with
only three firefighters, while the union, led by Captain Steve Williams,
president of the Houston Professional Firefighters Association, advocated the
assignment of four firefighters to each unit.

            In October of 2001, Houston Mayor
Lee Brown held a press conference where he discussed unit staffing levels.  During the event, Michael Hermann, a member
of the Chief’s staff, spoke favorably of both the Mayor and the Chief.  Attending the event while in uniform and on
duty, Williams reportedly interjected with an inappropriate remark questioning
Herman’s praise of city officials. 
Thereafter, Williams received a letter of temporary suspension, signed
by Chief Connealy and dated April 15, 2002.  Among other matters, the letter stated that
Williams’s comment violated Rule 8.06 of the Fire Department’s Administrative
Rules and Regulations, which states: 

Members shall treat other
members of the department with the respect and response due them as fellow
members.  They shall be courteous, civil
and respectful of their superior officers and associates, and shall not use
threatening or insulting language.

            The letter also stated: “Captain
Williams has accepted responsibility for his actions and has agreed to the
temporary suspension with the waiver of any right to appeal said disciplinary
action.”  Williams challenges the
veracity of this statement and maintains that he never agreed to the suspension
and did not waive his right to appeal. 
Attached to the letter was a “Receipt of Letter of Temporary
Suspension,” which explained rights and procedures for appealing the
disciplinary action.

            On April 26, 2002, Williams filed an appeal of his
suspension to an independent hearings examiner. 
On May 2, 2002, he instituted the present lawsuit under the Declaratory
Judgments Act, seeking a declaration that: (1) the City violated the letter and
spirit of Local Government Code Chapter 143 (governing municipal civil
servants) by submitting documents containing false statements regarding his
right to appeal; and thus, (2) the suspension is void because it violates
Chapter 143.  The City filed a plea to
the jurisdiction, the denial of which the City appeals.

POINTS OF
ERROR

            In two points of error, the City
argues that: (1) the district court improperly denied the plea to the
jurisdiction because Williams is attempting to judicially bypass the
requirement to exhaust available administrative remedies prior to bringing
suit; and (2) having submitted his suspension to a hearing examiner whose decision
is binding upon all parties, Williams is not entitled to utilize statutory law
to escape a potential adverse decision of the hearing examiner.  For the sake of clarity, we discuss the
second point of error first.

STANDARD OF
REVIEW

            Appellate courts review a trial
court’s ruling on a plea to the jurisdiction under a de novo standard of
review.  Mayhew v. Town of Sunnyvale, 964 S.W.2d 922, 928 (Tex. 1998). A
plea to the jurisdiction is a dilatory plea, the purpose of which is to defeat
a cause of action without regard to whether the claims asserted have
merit.  Bland Indep. Sch.
Dist. v. Blue, 34 S.W.3d 547, 554 (Tex.
2000).  The plaintiff bears the burden of
alleging facts affirmatively demonstrating the trial court’s jurisdiction to
hear a case.  Id. 

JURISDICTION
OF THE DECLARATORY JUDGMENT ACTION

            In its second point of error, the
City maintains the trial court improperly denied the City’s plea to the
jurisdiction because Williams is attempting to simultaneously avail himself of
and collaterally attack the jurisdiction of the hearing examiner.  In framing the issue in this manner, the City
essentially challenges the propriety of a suit for declaratory judgment under
the facts of this case.  However,
Williams argues that when a municipality has failed to comply with the
statutory framework a suspended public employee may proceed directly to 

 class=Section2>

district
court and thereby pursue both a suit for declaratory judgment and a
disciplinary appeal through a hearing examiner.

            The Texas Legislature has set forth
a statutory framework governing the rights and responsibilities of municipal
officers seeking to challenge disciplinary suspensions.  See Tex. Local Gov’t
Code Ann. § 143.101 – 143.363. 
Chapter 143 of the Local Government Code was enacted to create a fair,
consistent, and orderly process for handling grievances by career firefighters
and policemen.  City of Houston v. Jackson, 42 S.W.3d 316, 322 (Tex. App.—Houston [14th
Dist.] 2001, pet. dism’d w.o.j.);
see also Tex. Local Gov’t Code Ann. §
143.001 (“The purpose of this chapter is to secure efficient fire and police
departments composed of capable personnel who are free from political influence
and who have permanent employment tenure as public servants.”)  Under this scheme, an officer may appeal his
suspension either to the civil service commission or to an independent
third-party hearing examiner.  Tex.
Local Gov’t Code Ann. § 143.1016(a); Moran v. City of Houston, 58 S.W.3d
159, 161 (Tex. App.—Houston [14th
Dist.] 2001, no pet.).

            Williams exercised his right to
appeal by filing with the Police Officers’ and Firefighters’ Civil Service
Commission his request for an independent hearing examiner.  An officer who elects to submit his
suspension to a hearing examiner waives his right to appeal to the district
court except where: (1) the hearing examiner was without jurisdiction; (2) the
hearing examiner exceeded his jurisdiction; or (3) the order was procured by
fraud, collusion, or other unlawful means. 
Tex. Loc. Gov’t
Code Ann. § 143.1016(j).  Thus,
Williams has forfeited his right to appeal to the district court except on the
grounds specifically designated by the statute. 


            Six days after filing his appeal,
Williams filed suit seeking a declaratory judgment that the City had violated
statutory law by giving him a disciplinary letter with patently false
statements.  A declaratory judgment
action cannot create jurisdiction but is merely a procedural device for
deciding cases already within a court’s jurisdiction.  See Chenault v. Phillips, 914 S.W.2d 140, 141 (Tex. 1996); Texas Ass’n of Bus. v. Texas Air Control Bd., 852 S.W.2d 440, 444 (Tex.
1993).  Indeed, a suit for declaratory
judgment does not allow a district court to review an agency action not
otherwise reviewable. 
See Texas Comm’n
of Licensing & Regulation v. Model Search Am., Inc., 953 S.W.2d 289,
291 (Tex. App.—Austin 1997, no writ). 
Under the facts of the present case, the district court would only
acquire jurisdiction to review the award of the independent hearing examiner if
the examiner was without jurisdiction or exceeded his jurisdiction in the
making of the award.  Tex. Loc. Gov’t Code
Ann. § 143.1016(j).  If the
district court does not acquire jurisdiction to determine the hearing
examiner’s jurisdiction until after the rendition of an award, it follows that
it may not entertain a suit seeking a declaration that the hearing examiner is
without jurisdiction until after the making of the award.

            Nevertheless, Williams invokes our
holding in Nuchia v. Woodruff, in which the City of Houston successfully
sought a declaration that the hearing examiner’s ruling surpassed the grant of
jurisdiction afforded to him by the statute. 
956 S.W.2d 612, 615–16 (Tex. App.—Houston [14th Dist.] 1997, pet
denied).  However, in that case, the
hearing examiner had already conducted a hearing and determined that the
officer should be demoted for a period of one month, after which he would
resume his prior status as Sergeant.  See id. at 615.  The police chief disputed the hearing
examiner’s authority under the statute to do anything other than grant or deny
his recommended demotion.  Id.  The City directly appealed the hearing
examiner’s award and alternatively requested a declaratory judgment that the
hearing examiner had exceeded his jurisdiction. 
Id.  Addressing only the City’s claims under the
Declaratory Judgment Act, we found the City did have a right to judicial review
under the Act to determine if the hearing examiner in fact exceeded his
authority.  Id; see also City of Houston v. Clark, No. 01-01-00828-CV, 2002 WL 31771188, at *1 n.1
(Tex. App.—Houston [1st
Dist.] Dec. 12, 2002, no pet.
h.) (not designated for publication) (finding the use of declaratory judgment
appropriate to determine in City’s direct appeal whether hearing examiner
exceeded his jurisdiction after examiner conducted hearing and ruled on the
merits).  In the case at bar, however,
the hearing examiner has yet to make a determination or even hold a hearing on
the matter.  Compare Henderson v. Office of Thrift Supervision, Dep’t. of Treasury, 135 F.3d
356, 360 (5th Cir. 1998) (noting that petitioner’s claims were not ripe for
judicial review partly because the administrative hearing had not yet
occurred).  To permit the use of a
declaratory judgment before a hearing examiner’s decision would be to
prematurely intervene in a pending administrative proceeding.  Cf.
Turner v. Bennett, 108 S.W.2d 967,
971 (Tex. Civ. App.—Beaumont 1937, no writ)
(“Manifestly there is a vast difference in a court reviewing a final order of
an administrative board and in prohibiting such board from making any order or
from prosecuting an inquiry to ascertain whether any order will be
necessary.”)  The City’s second issue is
sustained.

EXHAUSTION
OF REMEDIES

            In its first point of error, the
City argues that having submitted his suspension to a hearing examiner whose
decision is binding upon all parties, Williams is not entitled to utilize the
Local Government Code to escape a potential adverse decision of the hearing
examiner by forum shopping.  In making
this argument, the City relies upon the rule that a party must exhaust his
administrative remedies before seeking judicial review of agency action.  See
Firefighters’ & Police Officers’ Civil Serv. Comm’n v. Herrera, 981 S.W.2d 728, 732 (Tex.
App.—Houston [1st Dist.] 1998, pet. denied); Texas Air Control Bd. v. Travis County, 502 S.W.2d 21, 215 (Tex. Civ. App.—Austin 1973, no writ) (describing the doctrine as
“the long-settled rule of judicial administration that no one is entitled to
judicial relief for a supposed or threatened injury until the prescribed
administrative remedy has been exhausted” (quoting Myers v. Bethlehem Corp., 303 U.S. 41, 49 (1938)).  Thus, we must decide whether Williams has
exhausted his administrative remedies, and if he has not, whether any exceptions
to the doctrine apply to bestow jurisdiction upon the trial court.

            When the legislature has provided a
method of administrative review, as it has under Chapter 143, a complainant
must exhaust administrative remedies before filing suit.  Herrera,
981 S.W.2d at 732.  Appellee
cites to no authority which would permit a suspended officer to seek
declaratory relief before the hearing examiner has conducted a hearing or
issued a ruling or award.[1]  Under the facts of this case, we find
Williams cannot have exhausted his administrative remedies because the hearing
examiner whose review he sought had not yet held a hearing or acted in any
respect on the disciplinary suspension in question.

            Having found that Williams has not
exhausted his remedies, we turn to the question of whether any exceptions to
the doctrine are applicable under the facts of this case.  These exceptions allow immediate access to Texas courts
when: (1) the exhaustion of remedies will cause irreparable injury or
administrative remedies are inadequate; (2) an administrative agency acts
without authority; or (3) the litigant raises a constitutional claim.  See Jackson v. Houston Indep. Sch.
Dist., 994 S.W.2d 396, 401 (Tex. App.—Houston [14th Dist.] 1999,
no pet.); Kenneth Culp Davis, Administrative
Law Doctrines of Exhaustion of Remedies, Ripeness, and Primary Jurisdiction: 1,
28 Tex. L. Rev. 168, 174 (1949)
(“Separation of [the exhaustion doctrine exceptions] for the purposes of
discussion is of course somewhat artificial, for each usually occurs in
combination with one or both of the other factors and with any or all or none
of the reasons for applying the exhaustion requirement.”)[2]

IRREPARABLE
INJURY/INADEQUATE REMEDIES EXCEPTION

            First, Williams argues that he need
not exhaust his administrative remedies because to do so would cause
irreparable injury or because his administrative remedies are inadequate.  He contends that if the hearing examiner was
properly within his jurisdiction to rule that he did not have jurisdiction
because the City failed to comply with statutory prerequisites, the merits of
his appeal would never be reached.  Were
the hearing examiner to make such a determination, Williams argues there would
be no triggering mechanism to appeal to the district court from the examiner’s
finding of no jurisdiction.  Tex. Loc. Gov’t Code
Ann. § 143.1016(j) (“A district court may hear an appeal of a hearing
examiner’s award only on the grounds that the arbitration panel was without
jurisdiction or exceeded its jurisdiction or that the order was procured by
fraud, collusion, or other unlawful means.”)[3]  His “only option,” he claims, would be to
file a suit seeking a declaration that the suspension is void or that the
hearing examiner incorrectly interpreted legal authorities.  Thus, he claims his administrative remedies
are inadequate and that to exhaust them would cause him irreparable injury.

            Though the merits might not be
reached if the hearing examiner were to make such a determination, the hearing
examiner cannot uphold a suspension based on defective charges.  See
City of Houston Firefighters’ & Police Officers’ Civil Serv.
Comm’n v. Morris, 949 S.W.2d 474, 475 n.4 (Tex.
App.—Houston [14th Dist.] 1997, pet. denied). 
We have disagreed with the courts of appeals that have found a police or
fire department must fully perform all conditions established by the civil
service laws before the hearing examiner obtains jurisdiction over the subject
matter of the removal of an officer.  Id.  However, our reservations do not foreclose a
holding that a defective suspension may be voided by the hearing examiner after he has acquired jurisdiction over
the matter and determined that the City failed to comply.  Thus, we cannot say that the scenario
appellant predicts would cause him irreparable harm, or that it makes his
remedies inadequate, particularly when what he predicts has yet to occur.  Cf. Macauley v. Waterman S.S. Corp., 327 U.S. 540, 545
(1946) (noting that the possibility of future events does not affect the
application of the exhaustion doctrine and thus the district court had no power
to determine issues that might arise because of future contingencies); Lewis v. Reagan, 660 F.2d 124, 127–28
(5th Cir. 1981) (noting that appellant had not demonstrated irreparable injury
as “[t]he existence of any harm at all is purely speculative, since any
deprivation of rights will arise only at the conclusion of agency
proceedings.”)

ACTING
WITHOUT AUTHORITY EXCEPTION

            Williams also contends that he need
not exhaust his administrative remedies as 
the agency acted without authority. 
Courts can intervene in administrative proceedings when an agency is
exercising authority beyond its statutorily conferred powers.  Woodruff, 956 S.W.2d at 616; James v. Consol. Steel Corp., 195 S.W.2d
955, 960 (Tex. Civ. App.—Austin 1946, writ ref’d n.r.e.) (noting that the
exhaustion doctrine “does not bar a resort to the courts, if such
administrative agency or commission refuses to act, acts illegally or
arbitrarily, or beyond the scope of its authority.”)  The “outside of the agency’s authority”
exception is a variation of the rule that a trial court may intercede before
administrative remedies are exhausted where the administrative agency lacks
jurisdiction.  See Westheimer Indep.
Sch. Dist. v. Brockette,
567 S.W.2d 780, 785 (Tex. 1978); Woodruff,
956 S.W.2d at 616 (relying in part on Brockette, 567 S.W.2d at 785); cf. Sheppard v. Thomas,
No. 01-01-00822-CV, 2003 WL 203474, at *4 (Tex. App.—Houston [1st Dist.] Jan. 30, 2003, no pet.
h) (noting that “a  sheriff can challenge
a civil service commission’s ruling in district court on the basis that the
commission’s actions were ultra vires”) .[4]  Thus, we must decide whether the examiner
would exceed his statutory authority if he determined he has jurisdiction to
review Williams’s suspension.

            In arguing this exception, Williams
invokes a line of cases holding that the municipality must fully perform all of
the conditions established by the civil service laws before the hearing
examiner obtains jurisdiction over the subject matter of the removal of an
officer.  See, e.g., Bichsel v. Carver, 321 S.W.2d
284, 287 (1959); see also City of Houston
v. Estes, 79 S.W. 848, 850 (Tex. Civ. App. 1904,
writ ref’d) (noting that the effort to oust an
officer discharged without cause by one having no authority to oust him in
direct contradiction of an explicit charter provision was a “nullity”).  Interpreting Bichsel, a number of appellate
courts have found that mandamus lies to restore to office an incumbent removed
without authority.  City of Carrollton v. Popescu, 806 S.W.2d
268, 273 (Tex. App.—Dallas 1991, no writ); City
of Plano Firefighters’ & Police Officers’ Civil Serv.
Comm’n v. Maxam, 685
S.W.2d 125, 128 (Tex. App.—Dallas 1985, writ ref’d n.r.e.); City of
Pasadena v. Richardson, 523 S.W.2d 506, 508 (Tex. Civ.
App.—Houston [14th Dist.] 1975, writ ref’d n.r.e.); Crawford v.
City of Houston, 487 S.W.2d 179, 181–82 (Tex. Civ.
App.—Houston [14th Dist.] 1972, writ ref’d n.r.e.).

 class=Section3>

            However, the mere claim that an
administrative agency acted ultra vires does not
authorize litigation before administrative remedies are exhausted.  See
Model Search Am., Inc., 953 S.W.2d at 292; but see Nueces County v. Nueces County Civil Serv.
Comm’n, 909 S.W.2d 597, 598 (Tex. App.—Corpus
Christi 1995, no writ) (interpreting provisions of the Local Government Code
authorizing county governments to create civil service commissions).  Hearing examiners wield the undoubted
authority to interpret the relevant statutory provisions and to make a decision
in that regard.  See Model Search Am., Inc., 953 S.W.2d at 292.  Accordingly, an examiner may investigate and
report on all matters relating to the enforcement and effect of the relevant
chapter of the Local Government Code and any rules adopted under it, and shall
determine if the code and rules are being obeyed.  Tex.
Local Gov’t. Code Ann 143.009(a); Phillips v. City of Houston, 993 S.W.2d
357, 359 (Tex. App.—Houston [14th Dist.] 1999, no pet.); Lindsey v. Fireman’s & Policeman’s Civil Serv.
Comm’n, 980 S.W.2d 233, 236 (Tex. App.—Houston
[14th Dist.] 1998, pet. denied).  The
decision of the hearing examiner is final and binding on all parties.  See
Tex. Local Gov’t.
Code Ann. § 143.1016(c).  Thus,
under our construction of Bischel and its
progeny, an independent hearing examiner has the authority to apply the
statutory framework to a case and to decide if the fire department correctly
applied the section to Williams.  See Lindsey, 980 S.W.2d at 236.  In fact, we have already interpreted Bichsel to say not that the commission or
examiner lacks jurisdiction to decide whether the suspension is defective but
rather that they could not uphold a suspension based on defective charges.  See
Morris, 949 S.W.2d at 475 n.4; City
of Houston v. Meister, 882 S.W.2d 29, 30 (Tex. App.—Houston [14th Dist.]
1994, writ denied).  Thus, Williams’s
claims are not necessarily outside the examiner’s jurisdiction, even though it
is possible for the examiner to exceed his jurisdiction in acting on them.  See
Texas Educ. Agency v. Cypress-Fairbanks I.S.D.,
830 S.W.2d 88, 91 (Tex. 1992).[5]  Thus, we find the second exception to the
exhaustion doctrine relied upon by Williams to be inapplicable under the facts
of this case.  Because the hearing
examiner may resolve this matter without necessarily overstepping jurisdictional
bounds, Williams’s declaratory relief is inappropriate.  See id.  He must exhaust his administrative remedies
before proceeding to the district court. 
See id.

            Accordingly, we also grant the
City’s first issue.

CONCLUSION

            We can find no authority permitting
a suspended firefighter to simultaneously avail himself of and collaterally
attack the jurisdiction of the hearing examiner by means of a suit for
declaratory judgment under the facts of this case.  Having submitted his suspension to a hearing
examiner whose pending decision is binding on all parties, Williams is not
entitled to utilize a declaratory judgment action to avoid a potential adverse
decision of the hearing examiner.  Here,
the hearing examiner has yet to make an award. 
We conclude that before proceeding to the district court, Williams must
exhaust his administrative remedies.

            We sustain the City’s issues on
appeal, reverse the trial court’s order denying the plea to the jurisdiction,
and render judgment dismissing Williams’s action against the City for lack of
subject matter jurisdiction.

                                                                                    

                                                                        /s/        Eva M. Guzman

                                                                                    Justice

 

Judgment
rendered and Opinion filed February
 6, 2003.

Panel
consists of Justices Edelman, Seymore, and Guzman.

 











            [1]  Williams relies principally upon Bichsel v. Carver,
321 S.W.2d 284, 287 (1959) and City of
Carrollton v. Popescu, 806 S.W.2d 268, 273 (Tex.
App.—Dallas 1991, no writ), both of which dealt with suspended officers seeking
writs of mandamus and not declaratory relief. 
In both cases, the suspended officers proceeded through far more of the
administrative process than has Williams. 
In Bichsel,
the suspended officer, after being served with charges alleging violation of
department rules, appealed to the Civil Service Commission on legal sufficiency
grounds.  321 S.W.2d at 285.  The Commission conducted a hearing at which
the City conceded that the charges were legally insufficient and requested
permission to withdraw them.  Id.  The next day, the City re-suspended the
officer and served him with a second set of charges alleging virtually the same
facts stemming from the same incident.  Id.  Prior to the second Commission hearing, the
suspended officer sought from the district court both an injunction to restrain
the Commission from holding the second hearing and a mandamus to compel his
reinstatement.  Id.  Though an argument can be made that Carver stands for the proposition that a
suspended officer may seek equitable relief prior to the hearing of the
commission or an examiner, we find that case distinguishable from the case at
bar because that officer had already been through one hearing at which the City
refused to proceed with substantially similar charges.  Id.;
see also Bichsel
v. Carver, 312 S.W.2d 688, 690 (Tex. Civ.
App.—San Antonio 1958), aff'd,
321 S.W.2d 284 (1959) (“[T]he purpose [of the act] would be wholly defeated by
an interpretation which permits a series of improper suspensions, faulty
charges, successive appeals, dismissals or withdrawals and reinstatements,
until a valid charge is ultimately stated.”)

 

            In Popescu, the officer was
indefinitely suspended by the police department.  806 S.W.2d at 270.  After the hearing examiner upheld the
indefinite suspension, the officer appealed to the district court on the
grounds that the hearing examiner lacked jurisdiction because a charge letter
did not substantially comply with the statutory requirements.  Id.  Thus, unlike the instant case, the hearing
examiner in Popescu conducted a hearing and issued a
ruling, which the officer directly appealed. 
Id.  The Popescu case does
not stand for the proposition that an officer may file suit seeking a
declaration that the suspension is void prior to any administrative hearing or
ruling by the examiner.  Id.





            [2]  Williams does not rely on the constitutional
exception to the exhaustion doctrine.





            [3]  In making this argument, Williams contends
that an officer may only appeal in situations where the hearing examiner has
either exceeded his jurisdiction or acted on the assumption of jurisdiction
where none was statutorily conferred. 
Thus, Williams argues, an officer could not appeal from a finding of no
jurisdiction by the hearing examiner.  But see Goode v. Firefighters’ & Police
Officers’ Civil Service Comm’n of the City of Houston,
976 S.W.2d 822, 823 n.1 (Tex. App.—Houston [1st Dist.] 1998, pet. denied.)
(noting that he trial court had jurisdiction to determine the hearing
examiner’s jurisdiction under Tex. Local
Gov’t Code Ann. § 143.1016(j)).  However, our research reveals at least one
case in which a suspended officer directly appealed after the hearing examiner
found that he had no jurisdiction to proceed. 
City of Galveston v. Giles,
902 S.W.2d 167, 169–70 (Tex. App.—Houston [1st Dist.] 1995, no writ).





            [4]  See
also Texas Educ. Agency v. Cypress-Fairbanks I.S.D., 830
S.W.2d 88, 90 (Tex. 1992); City of
Sherman v. Public Util. Comm’n, 643 S.W.2d 681,
683 (Tex. 1983); North Alamo Water Supply
Corp. v. Texas Dep’t of Health 839 S.W.2d 455, 458 (Tex. App.—Austin 1992,
writ denied); but see Myers v. Bethlehem
Shipbuilding Corp., 303 U.S. 41, 51 (1938) (noting that the exhaustion of
remedies doctrine has “been repeatedly acted on in cases where . . . the
contention is made that the administrative body lacked power over the subject
matter.”); Turner v. Bennett, 108
S.W.2d 967, 971 (Tex. Civ. App.—Beaumont 1937, no
writ) (disapproving of an equitable measure which “perpetually enjoins, not a
judgment or order of the Barber Board already made, but an inquiry by the board
to ascertain whether or not it will make any order affecting the appellee.”); Signal
Props. v. Alexander, No. CV-80-620-MML, 1980 WL 98398, at *20756 (C.D. Cal.
Sept. 16, 1980) (“The agency must be given an opportunity to determine whether
it has jurisdiction.”)





            [5]  Our holding is guided by the Local Government
Code’s clear directive that challenges to the hearing examiner’s jurisdiction
are to be made after a ruling or award.  See Tex.
Loc. Gov’t Code Ann. § 143.1016(j) (“If the
basis for the appeal of the hearing examiner’s award is based on the grounds
that the arbitration panel was without jurisdiction or exceeded its
jurisdiction, the petition must be filed in district court within 10 days of
the hearing examiner’s decision.”)