## In re Milton Louis WILLIAMS.

### No. 10–03–00402–CR.

Court of Appeals of Texas, Waco.

May 26, 2004.

Milton Louis Williams, pro se.

John C. Paschall, Hearne, for respondent.

Before Chief Justice GRAY, Justice VANCE, and Justice REYNA.

## MEMORANDUM OPINION

PER CURIAM.

Milton Louis Williams seeks a writ of mandamus compelling Respondent, the Honorable Robert Stem, Judge of the 82nd District Court of Robertson County, to appoint counsel and to grant his motion for post-conviction DNA testing filed under Chapter 64 of the Code of Criminal Procedure.

To prevail in a mandamus proceeding, the petitioner must establish that: (1) the act sought to be compelled is purely minis-terial; and (2) he has no adequate remedy at law. *State ex rel. Rosenthal v. Poe*, 98 S.W.3d 194, 198 (Tex.Crim.App.2003) (orig.proceeding). Respondent has appointed counsel for Petitioner. The Legislature has provided for an appeal from the denial of a motion for DNA testing. *See* Act of Apr. 3, 2001, 77th Leg., R.S., ch. 2, § 2, 2001 Tex. Gen. Laws 2, 4 (amended 2003) (current version at TEX.CODE CRIM. PROC. ANN. art. 64.05 (Vernon Supp.2004)). However, the pendency of this original proceeding has delayed the commencement of an appeal by Petitioner.

To ensure that Petitioner's appellate remedy is an adequate legal remedy, we reset the appellate timetable such that Petitioner's notice of appeal is due within thirty (30) days after the date of this opinion, and if notice of appeal is filed, the record shall be due within ninety (90) days after the date of this opinion. *See White-head v. State*, 130 S.W.3d 866, 880 (Tex. Crim.App., 2004).

Because Petitioner has an adequate remedy at law, the petition is denied. *See Rosenthal*, 98 S.W.3d at 198 n. 3.

Chief Justice GRAY concurring and dissenting.

TOM GRAY, Chief Justice, concurring and dissenting.

I agree with the majority in deciding that Williams has an adequate remedy by appeal and in denying his petition for writ of mandamus. But, this is where the agreement ends.

The majority has used *Whitehead*, a Court of Criminal Appeals opinion from March of this year, as the sole authority to reset the appellate timetable "[t]o ensure the Petitioner's appellate remedy is an adequate legal remedy." Maj. op. at 83; *Whitehead v. State*, 130 S.W.3d 866 (Tex.

Crim.App.2004). *Whitehead* was not a mandamus proceeding. It was a direct appeal from an indigence hearing where the trial court denied a finding of indigence, denied a free record, and denied a retained attorney's request to withdraw.

The Court of Criminal Appeals said the trial court could have believed the defendant was not indigent for the purpose of appointing counsel and did not abuse its discretion in denying a free record when the defendant did not put on any evidence as to how much the record would cost. The Court agreed that the trial court abused its discretion in denying the retained attorney's motion to withdraw. It then set the timetable for the notice of appeal for the underlying conviction and the record if a notice of appeal was filed.

*Whitehead* does not give us the authority to set an appellate timetable through the denial of a mandamus. If the majority believes Williams's remedy by appeal is inadequate because Williams has now missed the time period to file an appeal, then the majority should grant the petition. But, it cannot. Williams's appellate remedy is not inadequate simply because he chose to file a petition for writ of mandamus rather than an appeal. *See City of Houston v. Meister*, 882 S.W.2d 29, 32 (Tex.App.-Houston [14th Dist.] 1994, writ denied). The party seeking review by mandamus must demonstrate that the remedy *offered* by an ordinary appeal is inadequate. *Walker v. Packer*, 827 S.W.2d 833, 842 (Tex.1992). Williams has made no such showing.

So, the majority chooses to deny the petition, like it should, and grant Williams an out of time appeal. We cannot grant out of time appeals. *See Slaton v. State*, 981 S.W.2d 208, 210 (Tex.Crim.App.1998); *Olivo v. State*, 918 S.W.2d 519 (Tex.Crim. App.1996). Not even with Rule 2. *Slaton*, 981 S.W.2d at 210; Tex.R.App. P. 2. And

the case the majority cites to does not give us that authority either.

Thus, I concur with the denial of the petition for writ of mandamus. But because the majority resets the appellate timetable, I respectfully dissent.