In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-07-00107-CV


______________________________





IN RE: HUEY P. LATHAM









 


Original Mandamus Proceeding









 
 



Before Morriss, C.J., Carter and Moseley, JJ.


Memorandum Opinion by Justice Moseley








MEMORANDUM OPINION



 Huey P. Latham was convicted of murder in 1983 and sentenced to life in prison. He has
filed with the trial court a motion seeking DNA testing of certain evidence presented in the murder
trial. See Tex. Code Crim. Proc. Ann. art. 64.01 (Vernon 2006). Latham has filed a petition for
writ of mandamus asking this Court to compel the trial court to grant Latham's pro se motion for
DNA testing.

 Mandamus will issue only when the record establishes (1) the act sought to be compelled is
purely ministerial, and (2) that there is no adequate remedy at law. See State ex rel. Rosenthal v.
Poe, 98 S.W.3d 194, 198 (Tex. Crim. App. 2003) (orig. proceeding); In re Williams, 160 S.W.3d 83,
83 (Tex. App.--Waco 2004, orig. proceeding). An act is ministerial if it constitutes a duty clearly
fixed and required by law. State ex rel. Curry v. Gray, 726 S.W.2d 125, 128 (Tex. Crim. App.
1987). A ministerial act is one which is accomplished without the exercise of discretion or
judgment. Id. Deciding how to rule is not a ministerial act. Id.; In re Birdwell, 224 S.W.3d 864,
865 (Tex. App.--Waco 2007, orig. proceeding). Under appropriate circumstances, we may compel
a trial court to consider a motion; (1) we may not require that the trial court rule in a certain way. See
Curry, 726 S.W.2d at 128; see also Buntion v. Harmon, 827 S.W.2d 945, 947 n.2 (Tex. Crim. App.
1992) (explaining that relator must show that he has "a clear right to the relief sought").

 Under Chapter 64 of the Texas Code of Criminal Procedure, a convicting court may order
forensic DNA testing under this chapter only if:

 (1) the court finds that:

 

 (A) the evidence:

 

 (i) still exists and is in a condition making DNA testing possible; and

 

 (ii) has been subjected to a chain of custody sufficient to establish that it has not been
substituted, tampered with, replaced, or altered in any material respect; and

 

 (B) identity was or is an issue in the case; and

 

 (2) the convicted person establishes by a preponderance of the evidence that:

 

 (A) the person would not have been convicted if exculpatory results had been
obtained through DNA testing; and

 

 (B) the request for the proposed DNA testing is not made to unreasonably delay the
execution of sentence or administration of justice.


Tex. Code Crim. Proc. Ann. art. 64.03(a) (Vernon 2006).

 Here, Latham has provided this Court with a copy of his motion for DNA testing. In his
motion, he contends newer DNA testing techniques would allow testing of samples taken from blood
and fingerprints found on the knife used in the murder. The results would reveal the owner of the
knife and the perpetrator of the murder. He also contends that the knife is still in the possession of
Bowie County and that the results would exonerate him because the State's case against him was
"entirely circumstantial" and partly based on his "post-arrest written confession" which he describes
as constitutionally suspect. Whether Latham has met his burden of showing the Article 64.03
requirements requires a judicial determination; it is not a ministerial duty to grant Latham's motion
for DNA testing. (2) We may not compel the trial court to do so. We deny Latham's petition for writ
of mandamus. 




 Bailey C. Moseley

 Justice


Date Submitted: October 2, 2007

Date Decided: October 3, 2007

1. Although Latham does not specifically request a writ of mandamus that would compel the
trial court to act on the motion, his petition suggests that the trial court has taken too long to rule on
the motion and has not appointed him an attorney. We note that our limited record does not
demonstrate that the trial court has failed to rule for an unreasonable length of time nor does it show
what, if any, response has been sought or received from the State as required by Article 64.03 of the
Texas Code of Criminal Procedure. See Tex. Code Crim. Proc. Ann. art. 64.03 (Vernon 2006). 
We simply would not have enough information to determine whether the trial court has left the
motion pending for too long or whether other action has been taken relating to Latham's motion. 
Further, we point out that the trial court is required to appoint counsel for an indigent movant only
if "the court finds reasonable grounds for a motion to be filed." See Tex. Code Crim. Proc. Ann.
art. 64.01(c); Blake v. State, 208 S.W.3d 693, 695 (Tex. App.--Texarkana 2006, no pet.). We make
no decision as it relates to either issue however; our opinion addresses the very limited remedy
specifically requested by Latham in his petition.
2. Should the trial court ultimately deny Latham's motion, he may have the right of appeal
pursuant to Chapter 64 of the Texas Code of Criminal Procedure. See Tex. Code Crim. Proc. Ann.
art. 64.05 (Vernon 2006).


gnizable
on direct appeal given the procedural history of this case. We, therefore, may not consider this
contention of error.
            We affirm the trial court's judgment.
 
                                                                                    Josh R. Morriss, III
                                                                                    Chief Justice

Date Submitted:          March 31, 2005
Date Decided:             April 1, 2005

Do Not Publish